

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES RUSSELL MILLER                                PLAINTIFF

v.                           NO. 3:14cv427 HTW-LRA

MANAGEMENT & TRAINING CORPORATION;
PATRICIA DOTY; PRISCILLA DALY;
LAWRENCE MACK; and KEITH O'BANION         DEFENDANTS

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, The Law Offices of Matthew Reid Krell, and for Plaintiff's Complaint, Plaintiff states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of Leake County, Mississippi. Defendant Management & Training Corporation (hereafter "M&T") is a foreign corporation with regard to the State of Mississippi that, upon information and belief, is not authorized to do business in the State of Mississippi, and may be served with process through CT Corporation System, 1108 South Union Ave., Midvale, UT, 84047. Defendants Patricia Doty (hereafter "Doty"), Priscilla Daly (hereafter "Daly"), and Lawrence Mack (hereafter "Mack"), are, upon information and belief, all residents and citizens of the State of Mississippi. Defendant Keith O'Banion (hereafter "O'Banion") is, upon information and belief, a resident and citizen of the State of Utah. Regardless of citizenship or residency, this Court has jurisdiction over all defendants via the Mississippi Long Arm Statute, Miss. Code § 13-3-57. This is an action brought under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. for both race and gender discrimination, for discrimination in contract performance under 42 U.S.C. § 1981, for conspiracy to deprive of civil rights under 42 U.S.C. § 1985, for opposition to an unlawful activity under the laws of the State of Mississippi, and for retaliation for opposing such unlawful actions under the laws of the State of Mississippi. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereafter

1

"EEOC") and now bring this present case based upon receipt of a Right to Sue Letter from the EEOC. Accordingly, this Court has federal question subject matter jurisdiction under 28 U.S.C. 1331. Since the acts giving rise to this present cause of action all occurred within the jurisdiction of this Court, venue is proper under 28 U.S.C. 1391(b). Further, this Court has supplemental jurisdiction over all Mississippi State Law claims under 28 U.S.C. 1367.

## GENERAL ALLEGATIONS OF FACT

2. Plaintiff began working for a predecessor company of M&T as a Correctional Officer on January 3, 2001.

3. At all times during Plaintiff's employment with Defendants, Plaintiff performed his job satisfactorily.

4. During Plaintiff's tenure with Defendants and/or their predecessor company, Plaintiff advanced from Correctional Officer to Military Training Instructor to ERT Member to Transportation Officer to Armory Officer.

5. After promotion to Armory Officer, Plaintiff continued to be promoted to positions including Shift Captain, Investigator, Unit Manager, and Chief of Security.

6. During the course of Plaintiff's employment with Defendants, Plaintiff repeatedly brought to Daly and Mack's attention what Plaintiff believed to be violations of facility policies as well as the laws of the State of Mississippi.

7. The violations Plaintiff brought to Daly and Mack's attention included repeated failings by the facility to meet the standards for the number of personnel required for the number of prisoners held at the facility.

8. These violations were of particular concern due to a Consent Decree issued by Judge Reeves in the case of DePriest v. Epps, et. al. in the United States District Court for the Southern District of Mississippi, Jackson Division which required that such policies be followed.

9. Plaintiff was one of the individuals tasked at M&T to keep Defendants Mack and Daly aware of any shortcomings with regard to the DePriest Consent Decree which was the reason for Plaintiff's concerns being repeated expressed to Daly and Mack.

10. None of the Defendants took any steps to correct these policy and legal violations even after they were brought to Daly and Mack's attention by Plaintiff with the violations ongoing at the time of Plaintiff's later termination.

11. A female Correctional Officer falsely accused Plaintiff of touching her buttocks on May 16, 2013, yet this did not occur.

12. The female Correctional Officer also alleged that she had touched Plaintiff's buttocks, yet this did not occur.

13. The female Correctional Officer that made the allegations was suspended from work but then allowed to return to work for Defendants.

14. Upon return to work, the female Correctional Officer had all benefits restored by Defendants.

15. An investigation of Plaintiff was launched by Mack, Daly and Doty.

16. Mack was aware at the time of the launch of the investigation that Doty was actively attempting to have Plaintiff fired from working at M&T.

17. In April 2013, Plaintiff spoke with Mack about Plaintiff's concerns about Doty's bias toward him based on Plaintiff's sex yet Mack ignored these concerns.

18. Upon information and belief, other similarly situated female officers who have committed more serious infractions than those Defendants accused Plaintiff of committing have been allowed to continue their employment with Defendants.

19. Upon information and belief, other similarly situated Caucasian officers who have committed more serious infractions than those Defendants

accused Plaintiff of committing have been allowed to continue their employment with Defendants.

20. Plaintiff was discharged by Defendants on June 7, 2013.

21. At the time of discharge, Mack told Plaintiff that Plaintiff was being terminated for unprofessional, obscene, abusive, inappropriate, or suggestive comments, actions, or behavior.

22. Present at Plaintiff's discharge were Mack, Daly, and O'Banion.

23. Mack, Daly, and O'Banion participated and approved of Plaintiff's discharge even though all three (3) knew that Plaintiff had committed no infractions.

24. On behalf of M&T, O'Banion ratified the illegal actions of Mack and Daly with regard to Plaintiff's termination knowing that such actions were illegal.

25. Plaintiff had committed no infraction that constituted unprofessional, obscene, abusive, inappropriate, or suggestive comments, actions, or behaviors.

26. Defendants created a false conclusion to the internal investigation in order to justify Plaintiff's termination.

27. At the time of Plaintiff's termination, Defendants knew that Defendants were in violation of the DePriest Consent Decree based upon Plaintiff's repeated statements about the condition of the facility.

28. Other similarly situated persons who did not oppose illegal activity at M&T were not terminated by Defendants.

29. After discharge, Plaintiff was replaced with a Caucasian male.

30. Upon information and belief, the Caucasian male that replaced Plaintiff had committed actions as severe as or worse than the actions Plaintiff had been accused of committing.

31. After discharge, Plaintiff timely filed a Charge of Discrimination with the EEOC.

32. Plaintiff now timely brings this cause of action within 90 days after receipt of Plaintiff Right to Sue Letter from the EEOC.

## COUNT I – DISCRIMINATION AND RETALIATION BASED UPON RACE AND GENDER

33. Plaintiff re-alleges the foregoing as if fully set out herein.

34. Plaintiff has a clearly established right to be free from both gender and race discrimination under the Constitution of the United States.

35. Plaintiff has a right to make and perform contracts without discrimination on the basis of race.

36. Plaintiff had an employment contract with M&T for no definite term.

37. The Defendants terminated the Plaintiff, despite his continued willingness to perform under the parties' contract, because of his race.

38. Plaintiff therefore brings this action under 42 U.S.C. 1981 because of the deprivation of Plaintiff's constitutional rights by Defendants as granted under the Equal Protection Clause and the Due Process Clause.

39. Defendants have retaliated against Plaintiff for Plaintiff's complaints concerning both race and gender discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by terminating him after complaining of Defendant Doty's efforts to terminate him based on his race and gender.

40. As a direct and proximate cause of Defendant's actions as alleged herein, Plaintiff has lost wages, lost fringe benefits, and suffered both severe mental and emotional distress in an amount to be proven at trial.

41. Defendants actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT II – 42 U.S.C. § 1985

42. Plaintiff re-alleges the foregoing as if recited verbatim herein.

43. Plaintiff has a right to enjoy the rights and privileges of a United States citizen, including the right to be free from race and gender discrimination in employment.

44. The Defendants conspired to fire the Plaintiff because of his race and gender.

45. The Defendants acted in furtherance of this conspiracy by taking the following actions: first, by pressuring other correctional officers to falsely accuse the Plaintiff of misconduct; second, by generating those accusations of misconduct; and finally, by terminating the Plaintiff based on the false allegations, despite knowing they were false and actually being motivated by Plaintiff's race or gender.

## COUNT III - OPPOSITION TO AN ILLEGAL ACTIVITY AND RETALIATION FOR SUCH OPPOSITION

46. Plaintiff re-alleges the foregoing as if fully set out herein.

47. Under Mississippi State Law, an employee who reports an illegal action of his employer to his employer and is then discharged falls within a narrow public policy exception to the general at will employment doctrine. See McArn v. Allied Bruce-Terminix Co., Inc. 626 So. 2d 603 (1993).

48. Plaintiff repeatedly reported to Defendants that illegal actions were taking place at M&T.

49. These reports specifically included violation of a Consent Decree handed down against Defendants in a federal court of this jurisdiction.

50. These reports of illegal activity were temporal to the termination of Plaintiff by Defendants.

51. As a direct and proximate cause of Defendant's actions as alleged herein, Plaintiff has lost wages, lost fringe benefits, and suffered both severe mental and emotional distress in an amount to be proven at trial.

52. Defendants actions have been so egregious so as to warrant the imposition of punitive damages.

WHEREFORE, Plaintiff prays for declaratory judgment, equitable relief including back pay and reinstatement or front pay, appropriate compensatory damages exceeding $75,000, for reasonable attorneys' fees, for costs, for a trial by jury, and for all other proper relief.

Respectfully submitted,

/s Matthew Reid Krell
Matthew Reid Krell (MSB #103154)
Attorney for Plaintiff
The Law Offices of Matthew Reid Krell
1630 Goodman Road, Ste. 5
Southaven, MS 38671
662-469-5342
matthewrkrell@gmail.com