IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES RUSSELL MILLER                                                                        PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:14-CV-427-HTW-LRA

MANAGEMENT & TRAINING CORPORATION, ET AL.                        DEFENDANTS

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

---

COME NOW Defendants Management & Training Corporation ("MTC"), Patricia Doty, Priscilla Daly, Lawrence Mack, and Keith O'Banion ("the Individual Defendants"), by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), and file this Memorandum in Support of their Motion to Dismiss as follows:

### INTRODUCTION

Plaintiff's employment discrimination Complaint contains five distinct categories of claims that are legally implausible and, consequently, must be dismissed:

- Plaintiff's Title VII race discrimination claims against all Defendants are procedurally unexhausted and therefore improper. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008);
- Plaintiff's Title VII race, sex, and retaliation claims cannot be properly asserted against the Individual Defendants as they are not his "employers." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 (5th Cir. 2003);
- Plaintiff's Section 1981 race claims against the Individual Defendants do not allege any facts showing that these individuals were "essentially the same" as their employer as to the purportedly discriminatory decisions. *Foley v. University of Houston System*, 355 F.3d 333 (5th Cir. 2003);
- Plaintiff's Section 1985 conspiracy claim is asserted against a corporation and its employees and, therefore, is barred by the intra-corporate conspiracy doctrine. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994); and
- Plaintiff's retaliatory discharge claim under *McArn* cannot be maintained against the Individual Defendants who, as a matter of law, were acting at all times within

1

the course and scope of their employment. *DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 358 (Miss. 2008).

Governing law does not permit Plaintiff to proceed on any of these claims, which are invalid *ab initio*. Defendants respectfully request dismissal of these claims such that the only remaining causes of action are (1) Plaintiff's Title VII sex and retaliation claims against MTC; (2) Plaintiff's Section 1981 race claim against MTC, and; (3) Plaintiff's claim against MTC for retaliatory discharge under *McArn*.[1]

## FACTS AND BACKGROUND

Plaintiff James Russell Miller ("Plaintiff") is a former employee of MTC. Complaint at ¶2. He alleges in his Complaint that MTC and four of its employees, Patricia Doty, Priscilla Daly, Lawrence Mack, and Keith O'Banion discriminated against him on the basis of race and sex, and thereafter retaliated against him in violation of 42 U.S.C. §§ 2000e et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). *Id.* at ¶¶1, 33-41. He also alleges that MTC and the Individual Defendants were involved in an unlawful conspiracy under 42 U.S.C. § 1985. *Id.* at ¶¶1, 42-45. Plaintiff's final claim is that MTC and the Individual Defendants violated Mississippi state law when allegedly dismissing him for reporting illegal activity. *Id.* at ¶¶1, 46-52.

Plaintiff filed a Charge of Discrimination with the EEOC on June 24, 2013. *See* Exhibit 1 to Defendants' Motion to Dismiss; Plaintiff's EEOC Charge. The Charge identifies "sex" and "retaliation" as the alleged bases of unlawful discrimination. *Id.* MTC responded to the charge, setting forth specific facts showing that it did not discriminate against Plaintiff and describing the results of its investigation into the allegations of misconduct against Plaintiff. Following the

---

[1] Defendants, of course, do not concede, but strictly deny, the factual and legal validity of these remaining claims.

EEOC's investigation, Plaintiff was issued a notice and right-to-sue letter. Complaint at ¶1. He thereafter filed his Complaint in this matter on May 28, 2014. *See* Complaint.

## LEGAL STANDARD

Pursuant to *Federal Rule of Civil Procedure* 12(b)(6), dismissal is appropriate where a plaintiff has failed to plead a set of facts demonstrating entitlement to relief. *See* Fed. R. Civ. P. 12(b)(6). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies." *Martin K. Eby Construction Co. Inc. v. DART*, 369 F.3d 464, 467 n.4 (5th Cir. 2004). Pursuant to these legal guidelines, Plaintiffs' claims outlined below must be dismissed with prejudice for failure to state a claim.

## LAW AND ARGUMENT

**I.  Plaintiff's Title VII Race Claims against all Defendants are unexhausted and should be dismissed.**

It is well-settled that certain procedural and administrative requirements must be satisfied before a plaintiff may seek relief in the courts for causes of action based on unlawful employment practices. 42 U.S.C. § 2000e-5(a); *see McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). By statute, the Equal Employment Opportunity Commission ("EEOC") has sole enforcement authority to entertain claims pertaining to unlawful employment discrimination on the basis of race, color, religion, sex, national origin, disability, or any allegations dealing with retaliation for the exercise of rights related thereto. 42 U.S.C. § 2000e-5(a). In particular, a plaintiff asserting employment discrimination under Title VII must file an EEOC Charge within 180 days of the allegedly unlawful employment practice. *Id.* § 2000e-5(e)(1). Should the EEOC

3

issue a Dismissal and Notice of Rights – colloquially referred to as the "right-to-sue letter" – a plaintiff must then file suit within ninety days of receipt of the Notice or forfeit his rights as to those charges. *Id.* § 2000e-5(f)(1).

In this case, Plaintiff has failed altogether to file a charge with the EEOC as to any alleged discrimination based on race. The only Charge of Discrimination Plaintiff filed with the EEOC in this matter lists "sex" and "retaliation" as its bases. *See* Exhibit 1; Plaintiff's EEOC Charge. The entirety of the Charge narrative reads as follows:

> I was hired January 3, 2001 with this business as a Correctional Officer. The business names have changed. However, advanced through the rank structure from Correctional Officer to Military Training Instructor, ERT Member, Transportation Officer, Armory Officer, Shift Captain, Investigator, Unit Manager and Chief of Security. I was discharged June 7, 2013.
>
> Warden Lawrence Mack said, "in light of the allegations against me concerning the inappropriate conduct, it was decided that my employment would be immediately terminated for #10-violation-unprofessional, obscene, abusive, inappropriate or suggestive comments, actions or behavior.
>
> I believe I was discriminated against because of my sex/male and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended since:
>
> >   A.  A female correctional officer allegedly accused me of touching her on her buttocks on May 16, 2013 and she alleged touched my buttocks. This did not occur. The female employee was suspended but allowed to return to work with all benefits restored.
> >   B.  Upon information and belief another female correctional officer was observed coming from the staff restroom between March and May 2013. This was a violation-#10. This female employee is still employed.

Nowhere in his Charge does Plaintiff mention race. Perhaps more importantly, the EEOC did not, in fact, investigate any such claims. The Fifth Circuit has made clear that the "scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000). In determining whether a plaintiff has

exhausted his administrative remedies, a court should look to the statement given by the plaintiff in the administrative charge, and "look slightly beyond its four corners to its substance rather than its label." *Femidaramola v. Lextron Corp.*, 2006 WL 2669065 *4 (S.D. Miss. Sept. 18, 2006) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir.2006)). In *Femidaramola*, this Court ruled the plaintiff failed to exhaust administrative remedies with respect to his retaliation claim because "there [was] nothing in his EEOC charge that would reasonably have been expected to trigger a retaliation investigation. . . . Simply put, the *substance* of Plaintiff's EEOC filings does not set forth any facts that would suggest an instance of retaliation." *Id.* at *5 (emphasis in original).

Here, nothing in Plaintiff's charge could reasonably have triggered the EEOC to investigate discrimination claims based on race. The only protected characteristic Plaintiff identifies in the charge is his sex. Regardless of the specific legal theory asserted, the EEOC possesses enforcement authority over each Title VII claim in Plaintiff's Complaint. *See* 42 U.S.C. § 2000e-5(a). In order to file suit on these allegations, Plaintiff must first file a charge with the EEOC. *Id.* Here, he simply has not done so. The Fifth Circuit has emphasized that "[f]ailure to exhaust is not a procedural 'gotcha' issue. It is a mainstay of proper enforcement of Title VII remedies." *McClain*, 519 F.3d at 272. Accordingly, because Plaintiff's administrative remedies have not been exhausted, dismissal of his Title VII race claim with prejudice is proper. *See Gupta v. East Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981).

**II.     This Court should dismiss Plaintiffs' Title VII race, sex, and retaliation claims against the Individual Defendants.**

In his Complaint, Plaintiff asserts Title VII claims against "Defendants." Complaint ¶¶33-41. It therefore appears that he intends to state race, sex, and retaliation claims under Title

VII against the Individual Defendants. Those claims, however, are unlawful and should be dismissed.

The Fifth Circuit has long held that individuals may not be liable under Title VII in either their official or individual capacities. *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 381 (5th Cir. 2003). "[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.,* 355 F.3d 333, 340 (5th Cir. 2003). Additionally, a Plaintiff may not maintain a Title VII action against both the actual employer and the employer's agent. Generally, only "employers" may be liable under Title VII. *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir.2007) (citations omitted). To qualify as an employer under Title VII, two conditions must be met: (1) the defendant must fall within the statutory definition; and (2) there must be an employment relationship between the plaintiff and the defendant. *Deal v. State Farm County Mut. Ins. Co. of Texas,* 5 F.3d 117, 118 n. 2 (5th Cir. 1993) (citation omitted).

Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ..., *and any agent of such a person* ..." See 42 U.S.C. § 2000e(b) (emphasis added). This "any agent" language, however, is not interpreted literally. *Carpenter v. Mississippi Valley State Univ.,* 807 F.Supp.2d 570, 587 (N.D. Miss. 2011). Rather, it conveys Congress's intent to "import *respondeat superior* liability into Title VII." *Smith v. Amedisys, Inc.,* 298 F.3d 434, 449 (5th Cir.2002) (citations omitted). While under certain circumstances an immediate supervisor may be considered an "agent" and therefore an "employer" under Title VII, the supervisor faces liability solely in her *official,* not individual, capacity. *Carpenter,* 807 F.Supp.2d 587-588 (citing *Harvey v. Blake,* 913 F.2d 226, 227 (5th Cir. 1990) and *Grant v. Lone Star Co.,* 21 F.3d 649, 652–53 (5th Cir.1994)). "Thus, a Title VII

suit against a supervisor, who is not an 'employer' in his or her own right—is actually a suit against the employing corporation." *Id.* (citing *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir.1999)).

Here, there are no facts in the Complaint alleging that the Individual Defendants could independently satisfy Title VII's statutory definition of "employer." *See* 42 U.S.C. § 2000e(b). Rather, the Complaint makes clear that the Individual Defendants were, at most, MTC's agents when taking the actions Plaintiff alleges. Further, there is no allegation that the Individual Defendants each employed 15 or more employees. *Id.* Thus, even if this was an official-capacity suit against the Individual Defendants—the Complaint does not state the capacity in which these persons are sued—the Individual Defendants would be characterized as agents of MTC and, having named MTC as a Defendant, the joinder of these two individuals in their official capacity would be impermissibly redundant. *See Indest,* 164 F.3d at 262 ("[A] plaintiff does not have an action against both the corporation and its officer in an official capacity.").

This Court should therefore dismiss, with prejudice, Plaintiff's Title VII race, sex, and retaliation claims against the Individual Defendants.

### III. Plaintiff's Complaint does not state plausible claims against the Individual Defendants under Section 1981.

Section 1981 protects a person's right "to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981. Accordingly, claims under Section 1981 deal exclusively with allegations of race discrimination. In his Complaint, Plaintiff references race only twice. He alleges that (1) similarly situated Caucasians were allowed to keep their jobs when accused of more serious misconduct than the misconduct which led to his termination and (2) that he was replaced by a Caucasian male. Complaint at ¶¶ 19, 29. While Plaintiff does not identify his own race anywhere in the Complaint, these allegations suggest that he is non-white.

7

However, neither of these allegations is sufficient to state a plausible Section 1981 claim against the Individual Defendants. Individual liability under Section 1981 is not available against mere coworkers, and is available against supervisory employees only when they are "essentially the same as" the employer in performing the acts giving rise to a plaintiff's claims. *Miller v. Wachovia Bank*, N.A., 541 F.Supp.2d 858, 863 (N.D. Tex. 2008) (quoting *Foley*, 355 F.3d at 337). Applying this standard, Plaintiff's Complaint does not state a claim for Section 1981 relief against the Individual Defendants.

Here, Plaintiff's Complaint does not identify the roles or positions of the four Individual Defendants. Nor does it state what authority these individuals possess on behalf of MTC. Specifically, Plaintiff has not alleged that any of these individuals actually participated in the decision to allow similarly situated Caucasians to continue in their employment despite misconduct worse than Plaintiff's. From the Complaint, it is not at all clear that any of the Individual Defendants did or could have influenced this decision at all. Likewise, the Complaint does not state who was involved in the decision to hire the allegedly Caucasian male who replaced Plaintiff, and does not allege that the Individual Defendants were among them. In sum, the Complaint does not suggest that any of these individuals were the "same as the employer" in making the two decisions Plaintiff alleges were impermissibly based on race.

Without these basic averments, Plaintiff cannot state a plausible claim for Section 1981 relief against the Individual Defendants and this claim should thus be dismissed with prejudice.

**IV.     Because Defendants are a corporation (MTC) and its employees (the Individual Defendants), the intra-corporate conspiracy doctrine bars Plaintiff's Section 1985 conspiracy claim.**

The Complaint acknowledges that each of the Individual Defendants is an employee of MTC. Plaintiff's Section 1985 conspiracy claim is therefore legally inapt. The Fifth Circuit has

made clear that under Section 1985, a "corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (citing *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952), *cert. denied*, 345 U.S. 925 (1953)).

The "intra-corporate conspiracy doctrine" should be applied in this case to dismiss Plaintiff's Section 1985 conspiracy claim against all Defendants. Plaintiff has alleged that the "conspiracy" for which he seeks relief involves actions taken by the Individual Defendants and MTC which allegedly led to his firing. He does not allege the involvement of any third party. Accordingly, these actions, even if unlawful, cannot constitute a conspiracy among a corporation and its employees under Section 1985. This Court should therefore dismiss with prejudice Plaintiffs' Section 1985 conspiracy claim.

**V.     Plaintiff's *McArn* claim against the Individual Defendants should be dismissed.**

Plaintiff asserts a claim against all Defendants for retaliatory discharge under Mississippi state law, relying on the Mississippi Supreme Court's decision in *McArn v. Allied Bruce-Terminix, Co., Inc.*, 626 So.2d 603 (Miss. 1993). The Court in *McArn* carved out a very narrow public policy exception to Mississippi's employment-at-will doctrine, which generally permits employers to fire employees for "good reason, bad reason, or no reason at all." *Shaw v. Burchfield*, 481 So.2d 247, 253-54 (Miss. 1985). *McArn* stands for the proposition that, despite the typical premises of the employment-at-will doctrine, an employer may nevertheless be liable in tort where it dismisses an employee for reporting or refusing to participate in illegal activity. *McArn*, 626 So.2d at 607.

Plaintiff asserts that he was fired, in part, for reporting to his superiors purported violations of a consent order at the facility where he worked. He does not allege that the Individual Defendants acted outside the course and scope of their employment in firing him. Even assuming these alleged violations of a consent order constitute "illegal activity" under *McArn*, Plaintiff cannot state a claim for *McArn* relief against the Individual Defendants. The Mississippi Supreme Court, in answering a certified question from the Fifth Circuit concerning the liability of co-employees under *McArn*, specifically held:

> **We find nothing in *McArn* or its progeny which would extend the narrowly carved-out exceptions to our employment-at-will doctrine to create individual liability for the tort of retaliatory discharge** if the individual defendant/co-employee's participation in the discharge was deemed to be in the course and scope of the individual defendant's employment. In *McArn,* we clearly limited liability to the employer and not the employee.

*DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 358 (Miss. 2008) (citations omitted) (emphasis added).

Here, the Individual Defendants were acting within the course and scope of their employment as a matter of law if, as Plaintiff alleges, they took action to fire or cause another to fire him. *See Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1194 (2011) ("Both Mulally and Korenchuk were acting within the scope of their employment when they took the actions that allegedly caused Buck to fire Staub.") (citing *Faragher v. Boca Raton,* 524 U.S. 775, 798–799 (1998) (A "reprimand ... for workplace failings" constitutes conduct within the scope of an agent's employment.))

Under *DeCarlo*, the Individual Defendants cannot be personally liable pursuant to *McArn*. This Court should therefore dismiss Plaintiff's retaliatory discharge claim against the Individual Defendants with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court to dismiss Plaintiff's (1) Title VII race claim against all defendants; (2) Title VII race, sex, and retaliation claims against the Individual Defendants; (3) Section 1981 claim against the Individual Defendants; (4) Section 1985 conspiracy claim against all Defendants and; (5) *McArn* retaliatory discharge claim against the Individual Defendants.

RESPECTFULLY SUBMITTED this the 26th day of August, 2014.

**MANAGEMENT & TRAINING CORPORATION, PATRICIA DOTY, PRISCILLA DALY, LAWRENCE MACK AND KEITH O'BANION**

BY: /s/ R. Jarrad Garner
R. Jarrad Garner (MSB #99584)
Benjamin B. Morgan (MSB #103663)
Lindsey O. Watson (MSB #103329)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
(p) 601-353-3234
(f) 601-355-9708
jarrad.garner@arlaw.com
ben.morgan@arlaw.com
lindsey.watson@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

THIS the 26th day of August, 2014.

/s/R. Jarrad Garner
R. Jarrad Garner
