IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES RUSSELL MILLER                                          PLAINTIFF

v.                         NO. 3:14-cv-00427-HTW-LRA

MANAGEMENT & TRAINING CORPORATION;
PATRICIA DOTY; PRISCILLA DALY;
and LAWRENCE MACK;                                           DEFENDANTS

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT
DALY'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Plaintiff, by and through counsel, Wallace, Martin, Duke & Russell, PLLC who for Plaintiff's Response to Defendants' Motion for Protective Order states:

**INTRODUCTION**

Plaintiff James Russell Miller (hereafter "Miller") has sought to take the depositions of Defendants Priscilla Daly (hereafter "Daly") and Lawrence Mack (hereafter "Mack") in the states in which they reside in compliance with Federal Rule of Civil Procedure 45(c)(1)(B)(i) and in compliance with Rule 45(d)(1). Counsel for Daly and Mack has filed a Motion for Protection against such depositions insisting that any depositions of Daly and Mack must occur within the cities in which they reside.

Since the filing of Defendants' Motion for Protective Order, counsel for Defendants and Plaintiff have agreed to a date for the deposition of Daly in the State of Texas. Counsel for Defendants and Plaintiff have also agreed that Mack's deposition will take place in the State of Ohio, but there has not yet been an

1

agreement on the date of the deposition. Further, Plaintiff has withdrawn all present Notices of Deposition in a good faith effort to resolve the issues before this Court. Further counsel for the Defendants has agreed to waive personal service and guarantee the presence of Daly and Mack at the scheduled depositions in the appropriate states pending the outcome of this Court's ruling regarding Rule 45. The remaining issue to be addressed is the specific locality of the depositions within each state.

In Defendants' Motion, Counsel for Daly and Mack has presented case law that is distinguishable from the present issue before the Court as the case presented involved an attempt by a Plaintiff's attorney to bring a defendant into the specific forum within which the court sat for the purposes of deposition even though the Defendant did not live within that forum. Further, based upon extensive research by Miller's counsel, no court has required that the Plaintiff come to the city in which a defendant lives to depose that defendant since the revising of Rule 45 in 2013. All case law shows that the Plaintiff need only notice the deposition for a location in the state in which the Defendant resides in order to avoid a successful attempt at a Protective Order by the Defendant.

Counsel for Mack and Daly now asks this Court to become the first court in the country to make such an extraordinary limitation upon Plaintiff's ability to notice and conduct a deposition of a defendants in the state in which the Defendant resides. Plaintiff's counsel believes that if such an order were to be issued by this Court, it would be reversible error because Defendants Mack and Daly have shown

no good cause for why such an order should be issued other than their distaste for traveling for a deposition within the confines of their home states as allowed for under the Federal Rules of Civil Procedure.

For the foregoing reasons, Defendants' Motion for Protective Order should be denied in toto.

Further, because Plaintiff's Response to Defendants' Motion for a Protective Order is substantially justified based upon a clear reading of Rule 45 itself and all present case law regarding this Rule.  Further, this present dispute is beyond the limited scope of Rule 37 regarding discovery disputes.  As such, Defendants' prayer for costs associated with this Motion are inappropriate and should be denied.

## ARGUMENT

### I. Rule 45(c)(1)(B)(i) specifically provides for Plaintiff to be allowed to depose Defendants in the state in which they reside.

In 2013, the Federal Rules of Civil Procedure were amended in order to make it clearer where and how discovery and depositions were to be accomplished by Plaintiffs with regard to Defendants.  Rule 45(c) was a Rule that was completely revamped during the amendments process.  The present rule now reads

> (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>>> (i) is a party or a party's officer; or
>>> (ii) is commanded to attend a trial and would not incur substantial expense.

(Westlaw, 2013). The Committee Notes on the Rules explain in great detail the meaning of this new Rule and how it is to be construed with regard to parties to a lawsuit.

> Subdivision (c). Subdivision (c) is new. It collects the various provisions on where compliance can be required and simplifies them. Unlike the prior rule, place of service is not critical to place of compliance. Although Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c).
>
> Rule 45(c)(1) addresses a subpoena to testify at a trial, hearing, or deposition. Rule 45(c)(1)(A) provides that compliance may be required within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. For parties and party officers, Rule 45(c)(1)(B)(i) provides that compliance may be required anywhere in the state where the person resides, is employed, or regularly conducts business in person.

Committee Notes on the Rules – 2013 Amendments (Westlaw, 2013).

Since the 2013 Amendments, all courts that have considered the new Rule 45(c) have found that parties to a lawsuit must appear for deposition at any noticed location within the state in which they reside. In *Kiker v. SmithKline Beecham Corp.*, the Court specifically held "the location of the forum court does not affect where a person can be compelled to attend a deposition or produce documents" and that "If the person is a party or a party's officer, Plaintiffs can follow the same procedure to compel the person to attend a deposition anywhere within the state where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1)(B)(i)." 2014 WL 4948624 at *6 (E.D. Pa. 2014).

Upon independent consideration of the new Rule 45(c), other courts have been in accord with the *Kiker* Court. In *Atmosphere Hospitality Mgmt. v. Curtullo*,

4

the Court held that "An officer of a party may be compelled to attend a deposition within the state where the officer resides, is employed, or regularly transacts business in person." 2015 WL 136120 at *11 (D. S.D., 2014).

The case cited by counsel for the Defendants is distinguished from the present set of facts in this case. In *Petersen v. Petersen*, a Plaintiff was seeking to require that a Defendant travel to a deposition location within the geographic area of the forum court; namely, New Orleans, Louisiana. 2014 WL 6774293 at *1 (E.D. La., 2014). The *Petersen* Court held "While a plaintiff will ordinarily be required to make himself or herself available for examination in the district in which suit was brought, such is not generally the case for defendants." *Id.* at *1. The *Petersen* Court does not even mention Rule 45 anywhere in its decision because the deposition sought was not within the confines of Rule 45 in any way. As such, it is Plaintiff's position that counsel for the Defendants has inadvertently misrepresented this case to this Court with Plaintiff providing such notice to counsel for Defendants and taking exception to the use of this case any further in the matter presently before the Court. Such use would be inappropriate and would only confuse what is a clear issue based upon the Federal Rules of Civil Procedure and not an attempt at forcing the Defendant to appear with the forum of this Court.

Counsel for the Defendants has openly admitted that Daly is a citizen of the State of Texas and that Mack is a citizen of the State of Ohio and has agreed to waive personal service and guarantee the Defendants presence at deposition in those states based upon this Court's analysis of Rule 45. As such, under the plain

reading of Rule 45(c) and the interpretations of this Rule by all Courts to date, Plaintiff is entitled to notice deposition for any location within the State of Texas for Daly and within the State of Ohio for Mack with the only limitation being that placed upon the parties by Rule 45(d)(1). The *Petersen* case has no bearing upon this consideration and should be disregarded by all parties in discussion going forward.

> Under Rule 45(d)(1)
>
> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(Westlaw, 2013). Attorneys for the Plaintiff took extreme measures in attempting to reduce the overall burden and expense on Defendants with regard to locations sought for deposition. Plaintiff initially proposed Jackson, Mississippi, or Memphis, Tennessee as locations for both depositions. Doc. 59-1. When Defendants objected to that location, Plaintiff then proposed Texarkana, Texas, and Nashville, Tennessee. Doc. 59-1. When Defendants objected to that location, Plaintiff then proposed Dallas, Texas, and Nashville, Tennessee as compromise locations. Docs. 59-3 and 59-4. When Defendants objected to these locations, Plaintiff maintained Dallas, Texas, as a reasonable location with Rule 45(c) for Defendant Daly and proposed a location in Ohio to be determined at a later time for Defendant Mack. Docs. 59-5 and 59-6. At all times, Plaintiff's counsel has acted in good faith to attempt to resolve this present discovery dispute with the ultimate issue being a

fundamental disagreement about what Rule 45(c) says and what its requirements are for the parties involved.

All such efforts by counsel for the Plaintiff were taken in an attempt to reduce the overall costs to both the Plaintiff and the Defendants in this case. Neither Dayton, Ohio, nor Austin, Texas are airline hub cities that provide direct flights on any regular schedule from the physical locations of Defendants' counsel or counsel for the Plaintiff. Dallas, Texas, and all locations under consideration by Plaintiff's counsel for Defendant Mack's deposition in Ohio are airline hub cities or are located within one (1) hour's drive of an airline hub city. As such, forcing Plaintiff to conduct depositions in the cities in which Defendants reside will incur unnecessary costs for all parties involved in this case with regard to travel expenses including but not limited to possible multiple day hotel stays and airfare costs. Further, Defendants Daly and Mack will be exposed to increased hourly costs by Defendants' counsel for travel time and hotel stays as a result of the limitation on travel to Austin and Dayton from Jackson, Mississippi. Further, specifically with regard to the deposition of Daly, the location already set (Dallas, Texas) is within driving distance of both Daly (approximately three (3) hours from Austin) and one of Plaintiff's counsels (approximately five (5) hours from Little Rock) and would likely not involve a hotel stay for anyone involved in the deposition other than Defendant Daly's counsel who has already admitted that no matter where the deposition takes place, there will likely be a hotel stay involved. Finally, specifically with regard to the deposition of Mack, the location sought by Plaintiff will be within a four (4) hour

7

drive of Defendant Mack's present place of residence and within the State of Ohio in accordance with Rule 45(c) with the same consideration for expenses except that a hotel stay and airfare costs will likely be required for counsel for all parties. These expenses would occur regardless of the location of the deposition of Mack within the State of Ohio and are thus unavoidable.

The preceding long list of considerations by Plaintiff's counsel when considering the location of the depositions of Defendants Daly and Mack goes well beyond the requirement of reasonable steps to avoid imposing undue burden or expense on the Defendants and borders on a self-imposed burden and expense on the Plaintiff. Defendants' counsel has failed to provide any good faith attempts to avoid undue burden or expense to any party in the Motion for Protection other than to object in full to the depositions taking place anywhere outside of the city in which Defendants Daly and Mack reside. Counsel for Defendants has taken this action in full knowledge of the expenses associated with assuming such an intractable position including but not limited to increased hourly billings for Defendants' counsel.

Should this Court rule that Defendants Daly and Mack can only be deposed in their own cities of residence simply based upon the objection of being deposed elsewhere, this Court would become the first court to interpret the new Rule 45(c) in any way other than it is clearly stated in the Federal Rules of Civil Procedure. The only cases that have dealt with this issue outside of the plain reading of the Rule by this and other courts were the *Kiker* and *Atmosphere* Courts which both held that

Defendants must appear for deposition at a location within the state in which they reside as required by Rule 45(c). The *Petersen* case has no bearing whatsoever upon the issue present before this Court.

For all these reasons, Defendants' Motion for Protection should be denied in toto and Plaintiff should be allowed to conduct depositions of Daly and Mack within the states in which the Defendants reside in accordance with the Federal Rules of Civil Procedure.

II. **Because the present issue before this Court does not involve a Motion to Compel, Defendants are not entitled to any costs associated with this Motion under Rule 37(a)(5)(A).**

Rule 37(a)(5)(A) only provides a remedy to a moving party in a motion involving discovery specifically as it relates to a Motion to Compel. Rule 37(a)(1) generally provides that

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(Westlaw, 2013). Further, Rule 37(a)(3)(B) provides for the specific motions which can be brought under Rule 37 with the only motion regarding depositions being that of Rule 37(a)(3)(B)(i) which covers when a deponent fails to answer a question properly asked of the deponent. When a Rule 37 Motion is brought with regard to a deposition, the motion can only be filed by the party conducting the deposition either after completion of the deposition or after adjourning the deposition to seek

an Order of Protection. Rule 37(a)(3)(C) (Westlaw, 2013). Thus, when Rule 35(a)(5)(A) refers to a "motion," it is referring to the same types of motions as those discussed in the remainder of Rule 37(a) and not to Motions of Protection to prevent the taking of a deposition at all.

None of the requirements of Rule 37 exist in this present circumstance. There is no Motion to Compel at issue in this present Motion. Further, there is no deposition that has yet taken place in this case. Finally, the Plaintiff (who would be the party taking the depositions in this case) is not presently seeking a Rule 37 Motion against any Defendant in this case and is thus not seeking any type of fees from the Defendants.

For all of these reasons, Defendants request for fees associated with this present Motion for Protection should be denied in toto.

WHEREFORE, Plaintiff prays that this Court deny Defendants' Motion for Protection in toto, that counsel for be Defendant receive no costs or fees associated with the filing of this Motion of Protection, and for all other proper relief.

Respectfully submitted,

WALLACE, MARTIN, DUKE & RUSSELL, PLLC
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
Attorney for Plaintiff


By: _____*/s/ James Monroe Scurlock*_____
James Monroe Scurlock, TN BPR No. 032192
jms@WallaceLawFirm.com

11

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served on this, the 23rd day of February, 2015, via ECF and electronic mail upon counsel for the Defendants.

Richard Jarrad Garner
Benjamin B. Morgan
Lindsey O. Watson
ADAMS AND REESE, LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, Mississippi 39157
(601) 353-3234
(601) 355-9708 FAX
E-Mail:  Jarrad.Garner@arlaw.com
E-Mail:  Ben.Morgan@arlaw.com
E-Mail:  Lindsey.Oswalt@arlaw.com

Andrew J. Clark
LAW OFFICES OF ANDY J. CLARK, PLLC
350 Industrial Drive South
Madison, Mississippi 39110
Email:  andy@andyjclark.com
(601) 622-7334
(601) 898-1025 FAX

           */s/ James Monroe Scurlock*
           James Monroe Scurlock, TN BPR No. 032192
           jms@WallaceLawFirm.com