UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES RUSSELL MILLER**                                              **PLAINTIFF**

**V.**                                                                **3:14-CV-427-HTW-LRA**

**MANAGEMENT & TRAINING CORPORATION;**
**PATRICIA DOTY; PRISCILLA DALY;**
**and LAWRENCE MACK**                                  **DEFENDANT**

## ORDER

This cause came before the Court for telephonic hearing on February 20, 2015, on the parties' motions for protective orders. The only remaining issue is the location of the depositions of individual Defendants. Plaintiff has issued a deposition subpoena requiring Defendants to appear in their home states under his interpretation of Rule 45 of the Federal Rules of Civil Procedure. Defendants request that their depositions instead be taken in the cities in which they reside, Dayton, Ohio, and Austin, Texas.

The Court has reviewed the applicable law and has considered the arguments of counsel as set forth in their Memoranda. The Court is convinced that the revisions to Rule 45 were not meant to overrule the existing case law providing that the Court has discretion in determining the locations of depositions as between the parties. The Advisory Committee Notes for the 2013 revisions provide that the depositions of parties need not involve the use of a subpoena, and that sanctions may be entered under Rule 37 without regard to the geographical limitations on compliance with a subpoena or service of the subpoena. The notes then state: "These amendments do not change that existing

law; the courts retain their authority to control the place of party depositions and impose sanctions for failure to appear under Rule 37(b)." Committee Advisory Notes, Rule 45, p. 227.

Plaintiff also quotes the advisory notes and asserts that this Court would become the "first court in the country to issue a protective order that would allow individual defendants to be deposed only in the city and area in which they reside since the restructuring of Rule 45 in 2013." [63, p. 2]. No specific authority is cited for this broad pronunciation, and it would be impossible to thoroughly research this issue because discovery orders frequently are not published. However, this Court's ruling is only based upon the particular circumstances of this case; it is not a ruling that all individual defendants in every case must be deposed in their resident cities. Plaintiff's interpretation of Rule 45 would be more draconian: that the Courts **must enforce** Rule 45 to require that a party appear anywhere in his home state (even if miles away, such as northern California to southern California) if the other party elects to choose that location. And, that the Court has no discretion but to enforce any such subpoena.

This was not the intent of the revisions, in the Court's opinion. The cases cited by Plaintiff, including *Kiker v. SmithKline Beecham Corp.*, 2014 WL 4948624 (E.D. 2014), and *Atmosphere Hospitality Mgmt. v. Curtullo*, 2015 WL 136120 (D. S.D. 2014), do not support Plaintiff's position that this Court has no discretion under the Rule 45 revisions. On the other hand, the case cited by Defendants, *Petersen, et al v. Petersen, et al*, Civil Action No. 14-1516, 2014 WL 6774293 (E.D. La. Dec. 2, 2014), does support

Defendants' position that it is generally presumed that individual defendants will be deposed at his residence or place of business or employment.  As the court in *Petersen* notes, "defendants are generally not required to demonstrate any particular hardship in order to have a court order their deposition take place where they work or live." *Id.* at *2. Although the court does not refer to Rule 45, the decision was rendered after the revisions to Rule 45 were made.

In this case, requiring Plaintiff's attorney to travel to these Defendants' residences may be more costly for Plaintiff.  On the other hand, the expense for these Defendants, who did not chose the forum or initiate the litigation, will be increased if they are required to travel to the places Plaintiff has chosen.  Generally, it is the practice of this Court to require that defendants (particularly individuals) be deposed where they live or work, unless otherwise agreed.  The revision to Rule 45 does not require an inopposite practice.

The Court finds that Defendants Daly's and Mack's Motion for Protective Order [59] is well-advised and shall be granted.

IT IS, THEREFORE, ORDERED:

1. Defendants' Motion for Protective Order [59] is **granted.**
2. Defendant MTC's Motion for Protective Order regarding Tene Wilson's deposition [60] is **denied** as moot.
3. All requests for costs are **denied.**

SO ORDERED, this the 1st day of April 2015.

                                              /s/ Linda R. Anderson
                                              UNITED STATES MAGISTRATE JUDGE