IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES RUSSELL MILLER                                    PLAINTIFF

V.                                    CIVIL ACTION NO. 3:14-CV-427-HTW-LRA

MANAGEMENT & TRAINING CORPORATION, ET AL.          DEFENDANTS

---

RESPONSE AND MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL

---

Defendant Management & Training Corporation ("MTC"), by counsel and pursuant to the Federal Rules of Civil Procedure, submits this Response and Memorandum in Opposition to Plaintiff's Motion to Compel[1] [Dkt. No. 105] as follows:

## I.    Introduction

MTC requests that this Court deny Plaintiff's motion to compel, which involves a total of thirty-two (32) discovery requests.  While Plaintiff quotes (and in some cases, misquotes)[2] each request at issue [Dkt. No. 105], he does not provide an analysis or argument regarding the substance of each request in his memorandum.  [Dkt. No. 106].  Instead, Plaintiff spends nine pages providing a one-sided history of discovery "issues" that includes personal attacks and mostly irrelevant information.  [Dkt. No. 106, p. 1-9].

---

[1] Counsel for MTC recognizes that it did not sign the good faith certificate.  The good faith certificate was submitted to MTC's counsel on a Friday, and the motion was filed on the following Monday, October 12, 2015, before MTC counsel could respond on this issue.  Regardless, there is no dispute that the parties are at an impasse on the discovery issues, and MTC agrees the Court's involvement is needed.

[2] Plaintiff does not attach MTC's actual responses to his motion to compel, which creates some of the confusion.  In an attempt to provide clarity, MTC has attached the relevant discovery responses.

One the very last page of his memorandum, Plaintiff admits that his motion to compel boils down to only three categories:

1. comparator evidence
2. evidence related to MTC's own claim that their actions were not criminal
3. evidence related to MTC's asserted legitimate non-discriminatory motive

[Dkt. No. 106, p. 13]. However, in his memorandum in support, Plaintiff does not provide legal or factual argument broken down by these three categories or even broken down by the individual discovery responses.[3]  Rather, Plaintiff simply and generally discusses an employer's history of "past discrimination." [Dkt. No. 106, p. 9-13].

In this Response, MTC addresses four issues.  First, MTC will address the factual and personal allegations made by Plaintiff.  Second, MTC will specifically address the only Request for Admission at issue.  Third, MTC will specifically address the nine (9) Interrogatories at issue. Finally, MTC will specifically address the twenty-two (22) Requests for Production at issue. When all of these issues are considered, MTC submits that a complete denial of Plaintiff's motion to compel is appropriate.

## II.  <u>Argument</u>

MTC will first address the factual and personal allegations made by Plaintiff.  Then, MTC will address the specific discovery requests at issue, which are as follows:

- Request for Admission No. 10
- Interrogatory Nos. 1, 3, 4, 5, 11, 12, 14, 15, and 17
- Request for Production Nos. 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 13, 14, 15, 16, 21, 22, 23, 24, 26, 27, 28, and 29

---

[3] While Plaintiff provides some quotes of the discovery responses at issue, MTC submits that Plaintiff has not complied with Local Rule 37(b)(3), which provides that the movant provide the "the reasons assigned for supporting the motion." Local Rule 37(b)(3).  To be clear, Plaintiff has dumped a great deal of information on the Court, but has failed to specifically state why each individual discovery request has merit or why MTC's objections do not have merit.  For this reason, the Court could flatly deny the motion under the local rules.

After reviewing the merits of each discovery request at issue, MTC requests that the Court deny Plaintiff's motion in full.

**A.     The majority of Plaintiff's factual "allegations" regarding discovery are irrelevant to the discovery dispute regarding the specific requests at issue.**

The most important takeaway from Plaintiff's discussion of the discovery history in this case is Plaintiff's own delay in bringing this motion – despite knowing that the subject discovery disputes have been ongoing since January 2015.  [Dkt. No. 105-1].  In fact, on February 27, 2015, counsel for MTC clearly stated their position on 25 of the 32 discovery requests at issue in this motion.  (Exhibit 1, Email from Garner to All Counsel).  The only reason the other 7 discovery requests were not addressed was because they had not yet been propounded, but by June 15, 2015, the remaining discovery requests had been propounded and responded to by MTC.  Thus, Plaintiff clearly knew MTC's position on all the discovery requests at issue by June 15, 2015.  (See generally all the exhibits attached to this Response).

Moreover, in April 2015, both parties agreed to a continuance of the original trial date and an extension of the discovery deadline in order to allow more time to resolve those issues, among other discovery matters.  [Dkt. No. 71, 73, and 77].  The new discovery deadline was set for November 23, 2015, which meant that Plaintiff had over seven (7) months to complete discovery, including filing any necessary motions to compel.  *Id.*  Despite the extension and despite the fact that Plaintiff identified the discovery issues many months ago, Plaintiff has waited until the near end of the extended discovery period to present the Court with an extremely lengthy motion to compel.

Another important takeaway is that Plaintiff ignores the fact that MTC has been a willing participant in discovery by providing numerous, good-faith, written responses as well as the

production of 582 pages of documents.[4]  (Exhibit 2, MTC's Second Supplemental Disclosures). This type of participation in discovery belies Plaintiff's assertion that MTC has stonewalled Plaintiff's attempt to conduct discovery.  The remaining discovery disputes are simply valid discovery disputes, but Plaintiff claims bad faith at every turn, which has become a constant theme and tactic in Plaintiff's discovery "negotiations."  Put simply, when a disagreement arises, Plaintiff inevitably claims bad faith regardless of circumstance, and no explanation from MTC is ever sufficient.  Plaintiff leaves no room for any possibility that the discovery dispute may in fact be a valid dispute that requires Court intervention.

Finally, MTC would make clear that the 30(b)(6) deposition is not at issue in this motion, though Plaintiff makes much of the same in his motion.  This deposition is currently scheduled for October 29, 2015, well within the discovery deadline, and will have already taken place by the time the Court rules on Plaintiff's motion to compel.  The delay in scheduling was caused by Plaintiff's own delay in providing areas of inquiry so that MTC could determine who it needed to designate as well as Plaintiff's silence on scheduling the 30(b)(6) deposition until Plaintiff realized that discovery was quickly coming to a close.  Moreover, any delay caused by Mr. Garner's automobile accident has not caused any prejudice to any party because the 30(b)(6) deposition is scheduled and will be completed by the time this motion is decided.

Any remaining allegations not addressed in this section are either irrelevant to the motion before the Court or, if relevant, are discussed below.

**B.**     **The motion to compel regarding Request for Admission No. 10 should be denied.**

Request for Admission No. 10 is the only request for admission at issue.  Request No. 10 and MTC's response are as follows:

---

[4] On October 29, 2015, MTC produced two additional documents at the 30(b)(6) deposition as required by the 30(b)(6) notice of deposition.

**REQUEST NO. 10:**  Please admit that you know of no inaccuracies in the Plaintiff's application for employment at Walnut Grove Correctional Facility, which would have made him ineligible for employment at Walnut Grove Correctional Facility.

**RESPONSE TO REQUEST NO. 10:**  MTC objects to Request for Admission No. 10 as not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims and defenses because Plaintiff was not terminated for improper information on his application for employment.  Rather, he was terminated for engaging in an inappropriate sexual relationship with a subordinate employee.

[Dkt. No. 105, p. 2].  MTC properly explained that Request No. 10 has no bearing on this case. In response, Plaintiff failed to provide any factual or legal explanation as to how the request is reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  Further, Plaintiff's briefing in this matter does not address Request No. 10.  [Dkt. No. 106].  As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 10 be denied.

**C.**  **The motion to compel regarding all nine (9) Interrogatories at issue should be denied.**

There are nine interrogatories at issue.  The disputed interrogatories include Interrogatory No. 1, 3, 4, 5, 11, 12, 14, 15, and 17.

**1.  Interrogatory No. 1**

Interrogatory No. 1 and MTC's response are as follows:

**INTERROGATORY NO. 1**:  Describe any communications Defendant, Defendant's managers, or supervisors had with the Plaintiff, regarding Plaintiff's work performance, whether in an oral or written form for the last three (3) years. Describe with reasonable specificity what was communicated, why, the persons present, and the date, time, place, and method of such communications.

**RESPONSE TO INTERROGATORY NO. 1**:  MTC objects to Interrogatory No. 1 as overly broad and unduly burdensome because it requires MTC to list any and all communications and specific details that cannot possibly be ascertained from communications over a three year period.  Without waiving and subject to this objection, see various communications identified, referenced, and/or described in the documents produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 3, MTC's Response to Plaintiff's First Set of Interrogatories); [Dkt. No. 105, p. 2-3]. As allowed by Rule 33(d), MTC produced all relevant documents containing written communications in response to Interrogatory No. 1, including but not limited to documents regarding communications about his application for employment, work performance, and ultimate termination.  MTC obviously cannot identify each and every communication over the requested three year period.  Further, Plaintiff's briefing in this matter does not address Interrogatory No. 1.  [Dkt. No. 106].  As a result, MTC requests that Plaintiff's motion to compel regarding Interrogatory No. 1 be denied.

### 2.  Interrogatory No. 3

Interrogatory No. 3 and MTC's response are as follows:

**INTERROGATORY NO. 3:**  Identify all employees and former employees of Defendant under the supervision of any person who directly or indirectly recommended any disciplinary action be taken against the Plaintiff, between the time of the filing of this present cause of action and three (3) years before the filing of the Original Complaint, who were accused of, disciplined for, or terminated after reporting any of the following types of conduct:   race discrimination, gender discrimination, retaliation based on complaints of race or gender discrimination, filing a complaint concerning race or gender discrimination, or complaining of illegal activity on the part of Defendant Management & Training Corporation.   For each employee identified in the previous sentence, please state the following information:
   a.   His or her address;
   b.   His or her last known phone number and e-mail;
   c.   The date his or her employment ended;
   d.   His or her job title;
   e.   His or her race and gender;
   f.   Whether he or she filed an internal complaint, an external complaint, an EEOC filing, or some other complaint about such activity; and
   g.   If his or her employment has ended, the reason for the employment ending.

**RESPONSE TO INTERROGATORY NO. 3**:  MTC objects to Interrogatory No. 3 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims

and defenses of the parties in this matter because it seeks information about alleged complaints about items unrelated to this lawsuit.  In addition, MTC is unsure precisely what information Plaintiff is requesting due to the confusing and ambiguous nature and wording of this Interrogatory.  Subject to and without waiving these objections, see the various recommendations about Plaintiff either referenced or described in the documents produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 3, MTC's Response to Plaintiff's First Set of Interrogatories); [Dkt. No. 105, p. 4-5].

MTC objected to Interrogatory No. 3 on the basis that is complex, confusing, and ambiguous.

Further, it seeks information about alleged complaints that are unrelated.  Plaintiff never clarified

this response.  Out of abundance of caution and pursuant to Rule 33(d), MTC identified and

produced documents regarding Plaintiff's work performance and ultimate termination as well as

EEOC charge, which identified the individuals involved in making the termination decision as

well as other critiques of Plaintiff's work performance.  As a result, MTC requests that Plaintiff's

motion to compel regarding Interrogatory No. 3 be denied.

### 3.   Interrogatory No. 4

Interrogatory No. 4 and MTC's response are as follows:

**INTERROGATORY NO. 4:**  For each person identified in the Response to the previous Interrogatory, state:
- a.    What the complaint was about;
- b.    The kind of problem caused by the discrimination or retaliation (e.g., failure to promote, demotion, failure to give pay raise, pay cut, termination, hostile work environment, etc.);
- c.    The form of the complaint (e.g., oral/written, internal complaint, administrative EEOC charge, settlement demand, and/or lawsuit, etc.);
- d.    The date of the complaint;
- e.    The person who received the complaint; and
- f.    The person(s) the complaint was about, if any.

**RESPONSE TO INTERROGATORY NO. 4**:  MTC objects to Interrogatory No. 4 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses of the parties in this matter because it seeks information about

alleged complaints about items unrelated to this lawsuit.  Subject to and without waiving these objections, see the above response to Interrogatory No. 3.

(Exhibit 3, MTC's Response to Plaintiff's First Set of Interrogatories); [Dkt. No. 105, p. 6-7].

MTC incorporates the same response as set forth above for Interrogatory No. 3.  As a result, MTC requests that Plaintiff's motion to compel regarding Interrogatory No. 4 be denied.

### 4.  Interrogatory No. 5

Interrogatory No. 5 and MTC's response are as follows:

**INTERROGATORY NO. 5:**  Explain why each and every disciplinary action was taken against the Plaintiff within the last three (3) years occurred, stating why each action was considered necessary, they type of action taken (written warning, verbal warning, termination, etc.) and identifying each person involved the decision to take the disciplinary action.

**RESPONSE TO INTERROGATORY NO. 5:**  MTC objects to Interrogatory No. 5 as overly broad and unduly burdensome because it requires MTC to list and describe any and all employment action taken with respect to Plaintiff, regardless of form or whether it is relevant to his termination, and to provide specific details regarding the same over a three year period.  Without waiving and subject to this objection, see the employment actions identified, referenced, and/or described in the documents produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 3, MTC's Response to Plaintiff's First Set of Interrogatories); [Dkt. No. 105, p. 7-8].

As allowed by Rule 33(d), MTC produced all relevant documents responsive to Interrogatory No. 5, including but not limited to documents regarding communications about his work performance and ultimate termination.  These documents included more than just information about his termination.  MTC obviously cannot identify everything requested over the requested three year period such as information regarding verbal warnings or discussion that occurred in the day to day operations of the facility.  Further, Plaintiff's briefing in this matter does not address Interrogatory No. 5.  [Dkt. No. 106].  As a result, MTC requests that Plaintiff's motion to compel regarding Interrogatory No. 5 be denied.

### 5.  Interrogatory No. 11

Interrogatory No. 11 and MTC's response are as follows:

**INTERROGATORY NO. 11:**  To Defendant's knowledge, did Plaintiff ever allege that Defendant engaged in any illegal activity, including but not limited to discrimination, denial of rights under federal or state law, or retaliation?  If such an allegation was made when was it made, to whom was it made, what investigation was undertaken, and what were the results of the investigation?

**RESPONSE TO INTERROGATORY NO. 11**:  MTC objects to Interrogatory No. 11 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses of the parties in this matter because, according to Plaintiff's own pleadings and discovery, the only reporting issues related to compliance with the staffing requirements in the *DePriest* Consent Decree.

(Exhibit 3, MTC's Response to Plaintiff's First Set of Interrogatories); [Dkt. No. 105, p. 9-10].

According to Plaintiff's own allegations, discovery responses, and deposition testimony, the only alleged illegal activity reported by Plaintiff involved alleged staffing issues under the *DePriest* Consent Decree, which was an order entered in civil litigation in another matter.  This issue has been briefed with regard to MTC's partial summary judgment on Plaintiff's *McArn* claim, as well as the motion for protective order regarding the deposition of Christopher Epps.  [Dkt. No. 80, 81, 84, 85, 90, 101, 102, 103, 104].  MTC incorporates its arguments in these other briefs on this issue.  Ultimately, Plaintiff is trying to come up with new claims of "reporting illegal activity" that he failed to plead, obviously because he now knows that the Consent Decree staffing issues wholly fail to support a *McArn* claim.  The purpose of discovery under the Federal Rules of Civil Procedure is to focus on information that is reasonably calculated to lead to the discovery of admissible evidence, and this interrogatory exceeds that limitation.  Further, Plaintiff's briefing in this matter does not address Interrogatory No. 11.  [Dkt. No. 106].  As a result, MTC requests that Plaintiff's motion to compel regarding Interrogatory No. 11 be denied.

### 6.   Interrogatory No. 12

Interrogatory No. 12 and MTC's response are as follows:

**INTERROGATORY NO. 12:**  Did Plaintiff ever request a raise, a promotion, or complain about Plaintiff's compensation?   If so, to whom, and what was the Defendant's response, stating why and who participated, recommended or approved the Response?

**RESPONSE TO INTERROGATORY NO. 12:**  MTC objects to Interrogatory No. 12 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses of the parties in this matter because this case is not about Plaintiff's compensation or a dispute thereof.  Rather, Plaintiff's claims surround Plaintiff's termination due to an inappropriate relationship with a subordinate.

(Exhibit 3, MTC's Response to Plaintiff's First Set of Interrogatories); [Dkt. No. 105, p. 10-11].   MTC properly explained that Interrogatory No. 12 has no bearing on or relevance to this case.   In response, Plaintiff failed to provide any factual or legal explanation as to how the request is reasonably calculated to lead to the discovery of admissible evidence.   *Id.*   Further, Plaintiff's briefing in this matter does not address Interrogatory No. 12.  [Dkt. No. 106].  As a result, MTC requests that Plaintiff's motion to compel regarding Interrogatory No. 12 be denied.

### 7.   Interrogatory No. 14

Interrogatory No. 14 and MTC's response are as follows:

**INTERROGATORY NO. 14:**  Please identify each and every person who meets the following qualifications:
1)   Employee or former employee of Defendant MTC;
2)   At any time during the three years prior to the filing of the Complaint in this matter and since the filing of the Complaint to date;
3)   Who has been disciplined, counseled, or warned, verbally or in written form, or confessed without discipline, for any offense categorized by MTC as a Category I or Category II offense (please see Defendant's production MTC-000058 and MTC-000059 for the definitions of Category I and II offenses);
4)   And who meets any of the following criteria:

    a.  Has or had the same supervisor as Plaintiff, or is supervised by the successor in office to the Plaintiff's supervisor.

    b.  Has or had the same or similar job duties to the Plaintiff.

    c.  Has been or is subject to the same standards of conduct as the Plaintiff.

    d.  Has or had their employment status determined by the same person as Plaintiff or the successor in office to the person who determined Plaintiff's employment status.

For each person who meets these qualifications, please provide the following information:

1) Their address;
2) Their last known phone number and e-mail;
3) If their employment with Defendant has ended, the date the employment ended;
4) Their job title, or, if they held multiple positions during the time period defined above, each and every job title they had;
5) Their race and gender;
6) Each and every offense for which they were disciplined, counseled, or warned, verbally or in written form, or to which they confessed with discipline.

**RESPONSE TO INTERROGATORY NO. 14:**  MTC objects to Interrogatory No. 14 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence regarding the claims and defenses of the parties in this matter because the time period is excessively broad, and actually extends into the period before MTC began operating Walnut Grove Correctional Facility.   Moreover, this Interrogatory is not limited to employees who work or worked at Walnut Grove Correctional Facility, which is where Plaintiff worked.  MTC further objects to this Interrogatory because MTC is unsure precisely what information Plaintiff is requesting due to the confusing and ambiguous nature and wording of this Interrogatory.   Finally, and perhaps most importantly, MTC objects to this Interrogatory because it is merely a fishing expedition in an attempt to find some unknown similarly situated person that Plaintiff can use to support his claims.  One federal district court in Mississippi recently opined that courts "should not allow a party to use discovery merely as a 'fishing expedition' to discover more individuals who are similarly situated."  *Illinois Cent. R. Co. v. Harried*, No. CIV.A 506CV160DCBJMR, 2010 WL 382323, at *2 (S.D. Miss. Jan. 28, 2010) (citing *Paul Kadair, Inc. v. Sony Corp. of America,* 694 F.2d 1017, 1030 (5th Cir. 1983)).  MTC has produced numerous documents and files regarding the persons that Plaintiff identified as being similarly situated in his deposition testimony.  Specifically, MTC has already provided information and/or documents regarding Terry Daniel, Claudia Patrick, Tene Wilson, and Leshundra Gardner, all of whom Plaintiff claims to have been similarly situated to him.  See documents produced at Bates Number MTC-000307 to MTC-000582.  If Plaintiff – who bears the burden of proof in this case – has additional information he would like regarding these individuals or other some other specifically identifiable individuals, then

MTC will consider such a request, if properly made, and will appropriately respond.  However, MTC will not participate in Plaintiff's fishing expedition, which is an indicator of Plaintiff's own lack of proof to support his claims.

(Exhibit 4, MTC's Response to Plaintiff's Second Set of Interrogatories); [Dkt. No. 105, p. 34-36].  There is no dispute that MTC has produced numerous documents and files regarding each and every person that Plaintiff identified as being similarly situated.  These persons include Terry Daniel, Claudia Patrick, Tene Wilson, and Leshundra Gardner.  The clear purpose of Interrogatory No. 14 is to attempt to find other persons unknown to Plaintiff whom Plaintiff can somehow argue are similarly situated.  However, this is simply an improper fishing expedition.  Notably, Plaintiff does not brief this issue in his memorandum in support of his motion.  [Dkt. No. 106].  As a result, MTC requests that Plaintiff's motion to compel regarding Interrogatory No. 14 be denied.

### 8.  Interrogatory No. 15

Interrogatory No. 15 and MTC's response are as follows:

**INTERROGATORY NO. 15:**   For each and every person identified in Interrogatory No. 14, please state the following information:
1) Whether MTC disciplined the person for the offense or offenses identified in Interrogatory No. 14.
2) What discipline was imposed, or if no discipline was imposed, that no discipline was imposed.
3) Who chose to impose discipline or not.
4) Why the level of discipline imposed was chosen, or if no discipline was imposed, why no discipline was imposed.

**RESPONSE TO INTERROGATORY NO. 15:**  MTC incorporates herein all objections set forth above to Interrogatory No. 14.

(Exhibit 4, MTC's Response to Plaintiff's Second Set of Interrogatories); [Dkt. No. 105, p. 37-38].  Again, there is no dispute that MTC has produced numerous documents and files regarding each and every person that Plaintiff identified as being similarly situated.  Interrogatory No. 15 is simply an improper fishing expedition.  MTC incorporates the

above arguments relevant to Interrogatory No. 14.  As a result, MTC requests that Plaintiff's motion to compel regarding Interrogatory No. 15 be denied.

### 9.  Interrogatory No. 17

Interrogatory No. 17 and MTC's response are as follows:

**INTERROGATORY NO. 17:**    Please provide the name, address, and telephone number of any person who negotiated with Christopher B. Epps or Cecil McCrory regarding the contract between the State of Mississippi and MTC concerning the takeover of services at the Walnut Grove Facility. To the extent that you deem any such production objectionable under privacy concerns, please see the Proposed Protective Order provided to defendants in November 2014, which Plaintiff stands ready to again negotiate in good faith with the Defendants. To the extent that Defendant MTC wished to invoke any specific right against self-incrimination, please invoke this plainly.

**RESPONSE TO INTERROGATORY NO. 17:**  Based on Plaintiff's bribery argument in response to MTC's summary judgment motion regarding the *McArn* claim, MTC understands this request to be focused on information allegedly related to that claim.  MTC therefore objects to Interrogatory No. 17 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence regarding the claims and defenses of the parties in this matter because Plaintiff never mentioned this bribery allegation or any allegation associated with Christopher Epps or Cecil McCrory in his First Amended Complaint, deposition testimony, or discovery responses and there exists absolutely no evidence whatsoever that Plaintiff reported any such allegation prior to his termination.  Moreover, this interrogatory is not limited to any specific MTC employee, which is a clear indication that this request is simply a fishing expedition.  Fishing expeditions such as this have routinely been disallowed by federal courts in the Fifth Circuit.  *See, e.g.*, *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)(stating that Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.").

(Exhibit 5, MTC's Response to Plaintiff's Third Set of Interrogatories); [Dkt. No. 105, p. 39-40].

According to Plaintiff's own allegations, discovery responses, and discovery testimony, the only alleged illegal activity reported by Plaintiff involved alleged staffing issues under the *DePriest* Consent Decree, which was an order entered in civil litigation in another matter.  Plaintiff has never made any allegations regarding Epps and McCrory.  Rather, **Plaintiff's counsel** brought

up Epps and McCrory in an attempt to avoid summary judgment on the *McArn* claim.  This issue

has been briefed with regard to MTC's partial summary judgment on Plaintiff's *McArn* claim as

well as the motion for protective order regarding the deposition of Christopher Epps.  [Dkt. No.

80, 81, 84, 85, 90, 101, 102, 103, 104].  MTC incorporates its arguments in these other briefs on

this issue.  Further, Plaintiff's briefing in this matter does not address Interrogatory No. 17.

[Dkt. No. 106].  As a result, MTC requests that Plaintiff's motion to compel regarding

Interrogatory No. 17 be denied.

**D.    The motion to compel regarding all twenty-two (22) Requests for Production at issue should be denied.**

There are twenty-two requests for production in dispute.  The disputed requests for

production are Request for Production No. 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 13, 14, 15, 16, 21, 22, 23,

24, 26, 27, 28, and 29.

**1.    Request No. 1**

Request No. 1 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 1:**  Please produce for inspection and copying any documents, things, or communications, related to Plaintiff's employment, including, but not limited to, e-mail, tape recordings, computer files, evaluations, disciplinary actions, cd's, dvd's, recordings, memos, spreadsheets, and faxes.

**RESPONSE TO PRODUCTION NO. 1:**  MTC objects to Request for Production No. 1 on the basis that is overly broad with regard to time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims and defenses of the parties because it is an omnibus request that purports to seek anything and everything related to Plaintiff's employment regardless of whether it is relevant to the issues in this lawsuit.  Without waiving and subject to these objections, MTC points to all documents produced in this matter from MTC-000001 to MTC-000254.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 11-12].  Contrary to Plaintiff's representations to the Court otherwise, MTC supplemented this response as follows:

> **SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 1:**  MTC incorporates its prior objections and response.  See also Miller's photographs produced at MTC-000289 to MTC-000306.

(Exhibit 8, MTC's Second Supplemental Response to Plaintiff's First Set of Requests for Production).

MTC objected to the overarching and overly broad wording of the request and then produced numerous documents regarding Plaintiff's employment including but not limited to Plaintiff's personnel file, Plaintiff's medical file, Plaintiff's pay records, the employee handbooks in existence during his employment, photographs found in Plaintiff's office, and documents related to the EEOC charge filed by Plaintiff.  As a result, MTC's position is that both its objection and response are appropriate.  Plaintiff's motion to compel regarding Request No. 1 should be denied.

### 2.  Request No. 2

Request No. 2 and MTC's response are as follows:

> **REQUEST FOR PRODUCTION NO. 2:**  Please produce for inspection and copying all personnel policies, grievance procedures, handbooks, or employee manuals, which were in effect at the time each Plaintiff was employed by you or for the last three (3) years whichever time period is longer.

> **RESPONSE TO PRODUCTION NO. 2:**  MTC objects to Request for Production No. 2 on the basis that is vague and ambiguous because it implies that there are multiple Plaintiffs.  MTC also objects to Request for Production No. 2 on the basis that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims and defenses of the parties because it is not limited to the policies and procedures that are at issue in this lawsuit.  Without waiving and subject to this objection, MTC produces the two employee handbooks in place during Plaintiff's employment at MTC-000171 to MTC-000234.  See also various policies in the

documents produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105,

p. 12-13].  MTC objected to the overarching and overly broad wording of the request.  Then,

MTC produced numerous documents including but not limited to the employee handbooks in

existence during his employment, all policies provided to the EEOC, and additional policies

involving record retention.   As a result, MTC's position is that both its objection and response

are appropriate.  Plaintiff's motion to compel regarding Request No. 1 should be denied.

### 3.  Request No. 3

Request No. 3 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 3**:  Please produce for inspection and copying any written communication identified in the immediately preceding Interrogatory [Interrogatory No. 1], as well as any memorializations of verbal conversations.

**RESPONSE TO PRODUCTION NO. 3:**   MTC objects to Request for Production No. 3 as overly broad and unduly burdensome because it requires MTC to list any and all communications and specific details that cannot possibly be ascertained from communications over a three year period.  Without waiving and subject to this objection, see various communications identified, referenced, or described in the documents produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105,

p. 14].  Request No. 3 is counterpart to Interrogatory No. 1, and therefore, MTC incorporates the

arguments set forth above with respect to Interrogatory No. 1.  MTC has produced all relevant

documents containing written communications including but not limited to documents regarding

communications about his application for employment, work performance, and ultimate

termination.  As a result, MTC requests that Plaintiff's motion to compel regarding Request No.

3 be denied.

### 4. Request No. 4

Request No. 4 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 4**:  Please produce for inspection and copying all policies and procedures and forms related to retention of electronic or hard copy files that have been in place at Defendant for the last three (3) years.

**RESPONSE TO PRODUCTION NO. 4:**  MTC objects to Request for Production No. 4 on the basis that is duplicative of Request for Production No. 2. MTC further objects to Request for Production No. 4 on the basis that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims and defenses of the parties because it is not limited to the policies and procedures that are at issue in this lawsuit. Without waiving and subject to this objection, MTC produces the two employee handbooks in place during Plaintiff's employment at MTC-000171 to MTC-000234. See also various policies in the documents produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105,

p. 11-12].  MTC supplemented this response as follows:

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 4:**  See  MTC's Records Management (Archives) Policies and Procedures attached hereto as MTC-000255 to MTC-000270 (current) and MTC-000271 to MTC-000288 (effective June 1, 2012 through May 1, 2013).

(Exhibit 7, MTC's First Supplemental Response to Plaintiff's First Set of Requests for

Production).  MTC further informed Plaintiff's that there was not written policies regarding

video surveillance retention.  MTC is unsure exactly what else Plaintiff is looking for in response

to this request.  As a result, MTC requests that Plaintiff's motion to compel regarding Request

No. 4 be denied.

### 5. Request No. 5

Request No. 5 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 5**:  Please produce for inspection and copying all documents, recording, statements, photos, videos, affidavits, files, and other things obtained, reviewed or created in the course of investigating Plaintiff before any adverse action was taken against Plaintiff.

**RESPONSE TO PRODUCTION NO. 5:**   MTC objects to Request for Production No. 5 on the basis that is improperly assumes MTC took adverse action against Plaintiff.   Without waiving and subject to this objection, see information about investigations identified, referenced, and/or described in the documents produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 15-17].  Contrary to Plaintiff's representations to the Court otherwise, MTC supplemented this response as follows:

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 5:**   MTC incorporates its prior objections and response.   See also Miller's photographs produced at MTC-000289 to MTC-000306.

(Exhibit 8, MTC's Second Supplemental Response to Plaintiff's First Set of Requests for Production).  Again, MTC objected to the overly broad nature of the request and then produced documents relating to the investigation of Plaintiff's conduct that lead to the termination.  MTC is unsure exactly what else Plaintiff is looking for in response to this request.  As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 5 be denied.

## 6.   Request No. 7

Request No. 7 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 7:**   Please produce for inspection and copying all written evaluations of the performance of the Individual Defendants during Plaintiff's tenure with Defendant Management & Training Corporation during the last three (3) years preceding the end of Plaintiff's tenure with Defendant Management & Training Corporation and any other documents reflecting the quality of the performance of the Individual Defendants during the time Plaintiff was employed by Defendant Management & Training Corporation.

**RESPONSE TO PRODUCTION NO. 7:**   MTC objects to Request for Production No. 7 on the basis that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims and defenses of the parties because the Individual Defendants' job performance(s) is/are not at issue in this lawsuit.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 15-17].  MTC fails to see how the job performance of the Individual Defendants is at issue in this litigation.  Plaintiff has failed to provide any factual or legal argument to the contrary.  As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 7 be denied.

### 7.  Request No. 8

Request No. 8 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 8:**  Please produce for inspection and copying any documents describing or memorializing any disciplinary action taken against Plaintiff by Defendant during the last three (3) years.

**RESPONSE TO PRODUCTION NO. 8:**  MTC objects to Request for Production No. 8 as overly broad and unduly burdensome because it requires MTC to list and describe any and all employment action taken Plaintiff, regardless of form or whether it is relevant to the termination, and to provide specific details regarding the same over a three year period.  Without waiving and subject to this objection, see the employment actions identified, referenced, and/or described in the documents produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 19].  This request is the counterpart to Interrogatory No. 5, and MTC incorporates it argument above to Interrogatory No. 5.  Again, MTC has produced all documents regarding Plaintiff's work performance and ultimate termination.  These documents included more than just information about his termination.  As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 8 be denied.

### 8.  Request No. 9

Request No. 9 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 9:**  Please produce for inspection and copying any documents describing or memorializing any disciplinary action taken against any of the Individual Defendants by Defendant Management & Training Corporation during the last three (3) years.

**RESPONSE TO PRODUCTION NO. 9:** MTC objects to Request for Production No. 9 on the basis that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims and defenses of the parties because the Individual Defendants' job performance(s) is/are not at issue in this lawsuit.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 20]. MTC fails to see how the job performance of the Individual Defendants is at issue in this litigation. Plaintiff has failed to provide any factual or legal argument to the contrary. As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 9 be denied.

### 9. Request No. 11

Request No. 11 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 11:** Please produce for inspection and copying the complete personnel files and documents of the Individual Defendants, as well as any other files or documents Defendant Management & Training Corporation kept on the Individual Defendants (e.g. files or documents kept by supervisors, the investigation of the Individual Defendants, and notes, diaries, memos, etc. created and kept by the Individual Defendants' supervisor(s)).

**RESPONSE TO PRODUCTION NO. 11:** MTC objects to Request for Production No. 11 on the basis that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims and defenses of the parties because the Individual Defendants' job performance(s) is/are not at issue in this lawsuit.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 21]. MTC fails to see how the job performance of the Individual Defendants is at issue in this litigation. Plaintiff has failed to provide any factual or legal argument to the contrary. As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 11 be denied.

### 10. Request No. 12

Request No. 12 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 12:** For any individual identified above in Interrogatory No. 3, please produce for inspection and copying their disciplinary actions, counseling statements, evaluations, or any other documents

related to their performance or conduct.

**RESPONSE TO PRODUCTION NO. 12:**   MTC objects to Request for Production No. 12 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses of the parties in this matter because it requests information about alleged complaints about items unrelated to this lawsuit and about individuals not relevant to this lawsuit.   Subject to and without waiving these objections, see documents related to Plaintiff produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 22-23].  This request is a counterpart to Interrogatory No. 3, and MTC incorporates its above argument regarding Interrogatory No. 3.   Request No. 12 seeks information regarding job performance of the persons identified in Interrogatory No. 3 who were involved in making the termination decision as well as other critiques of Plaintiff's work performance.  MTC fails to see how the job performance of the Individual Defendants or any other person is at issue in this litigation.   Plaintiff has failed to provide any factual or legal argument to the contrary. As a result, MTC requests that Plaintiff's motion to compel regarding Request no. 12 be denied.

**11. Request No. 13**

Request No. 13 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 13:**   Please produce for inspection and copying any written complaint of discrimination or retaliation from a person identified in the Response to the above Interrogatory No. 3 whether it was an internal complaint, administrative complaint, settlement demand, draft lawsuit, lawsuit, or in some other form.

**RESPONSE TO PRODUCTION NO. 13:**   MTC objects to Request for Production No. 13 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses of the parties in this matter because it requests information about alleged complaints about items unrelated to this lawsuit and about individuals not relevant to this lawsuit.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 24]. This request is also a counterpart to Interrogatory No. 3 and Request No. 12, and MTC incorporates its above argument regarding Interrogatory No. 3 and Request No. 12. As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 13 be denied.

**12. Request No. 14**

Request No. 14 and MTC's response are as follows:

> **REQUEST FOR PRODUCTION NO. 14:** Please produce for inspection and copying any and all documents which support or evidence compensation paid to Plaintiff during Plaintiff's employment with Defendant during the last three (3) years, including but not limited to, salary, bonuses, and commissions.

> **RESPONSE TO PRODUCTION NO. 14:** MTC objects to Request for Production No. 14 insofar as it seeks information and/or documentation equally, if not more, accessible to Plaintiff than MTC. Without waiving and subject to said objection, see payment details for Plaintiff in documents produced at MTC-000242 to MTC-000254.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 25]. Plaintiff obviously has or should have this information. Regardless, MTC produced a detail of all payments made to Plaintiff during his employment. As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 14 be denied

**13. Request No. 15**

Request No. 15 and MTC's response are as follows:

> **REQUEST FOR PRODUCTION NO. 15:** Please produce for inspection and copying any and all documents which support or evidence employee benefits which Defendant provided to Plaintiff during the last three (3) years of Plaintiff's employment with Defendant, including but not limited to, a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, medical and dental insurance, retirement benefits, and life insurance.

> **RESPONSE TO PRODUCTION NO. 15:** MTC objects to Request for Production No. 15 insofar as it seeks information and/or documentation equally, if not more, accessible to Plaintiff than MTC. Without waiving and subject to said

objection, see payment details for Plaintiff in documents produced at MTC-000242 to MTC-000254.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 26].  Plaintiff obviously has or should have this information.  Regardless, MTC produced a detail of all payments made to Plaintiff during his employment.  As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 15 be denied

### 14. Request No. 16

Request No. 16 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 16:**  Please produce for inspection and copying portions of all files Defendant possesses on the following individuals: Plaintiff, all persons who have performed some or all of Plaintiff's job duties within the three (3) years preceding the filing of this Complaint in the State where Plaintiff formerly worked.  The portions sought are applications, cover letters, resumes, evaluations, disciplinary actions, references, background checks and their results, complaints of discrimination, documents relating to their qualifications, ratings by persons making hiring decisions regarding them, complaints about them from customers, coworkers, or supervisors, and wage information.

**RESPONSE TO PRODUCTION NO. 16:**  MTC objects to Request for Production No. 16 on the basis that is it overly broad, unduly burdensome, confusing, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses of the parties in this matter because it seeks information about numerous individuals not relevant to this lawsuit.  Subject to and without waiving these objections, see documents related to Plaintiff produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 27-28].  Contrary to Plaintiff's representations to the Court otherwise, MTC supplemented this response as follows:

**SUPPLEMENTAL RESPONSE TO PRODUCTION NO. 16:**  MTC incorporates its prior objections and response.  See also Terry Daniel's personnel file produced at MTC-000307 to MTC-000490.  Mr. Daniel replaced Plaintiff as Chief of Security.

(Exhibit 8, MTC's Second Supplemental Response to Plaintiff's First Set of Requests for Production). MTC has produced the requested information for Plaintiff as well as the individual who replaced Plaintiff. These are the only two persons to hold the chief of security position at the Facility. MTC has not produced information regarding persons who held chief of security positions at other facilities operated by MTC in Mississippi because such a request is overly broad and has no bearing on the issues in this case, which is primary focus of the stated objection. As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 16 be denied.

### 15. Request No. 21

Request No. 21 and MTC's response are as follows:

> **REQUEST FOR PRODUCTION NO. 21:** Please produce for inspection and copying all documents describing the chain of command or organizational structure for Defendant at Plaintiff's worksite and for the Defendant as a whole.

> **RESPONSE TO PRODUCTION NO. 21:** MTC objects to Request for Production No. 21 on the basis that is it overly broad, unduly burdensome, confusing, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses of the parties in this matter because it seeks information about MTC's entire organizational structure even though Plaintiff only worked at the Walnut Grove facility. Without waiving and subject to these objections, see MTC-000050 for the organizational structure at the Walnut Grove facility.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 29]. MTC produced documentation setting forth the organizational structure at the Facility. MTC did not product the organization structure at other MTC facilities or at the corporate headquarters because Plaintiff only worked at the Walnut Grove Facility. MTC requests that Plaintiff's motion to compel regarding Request No. 21 be denied.

### 16. Request No. 22

Request No. 22 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 22:**  Please produce for inspection and copying all policies, practices, procedures or other documents Defendant has related to discrimination, violations of Title VII of the Civil Rights Act of 1964, retaliation, harassment, investigating or handling complaints of discrimination, opportunity, discipline, termination, promotion, hiring, internal investigations of violations of Title VII of the Civil Rights Act of 1964, retaliation, and responding to an EEOC filing.

**RESPONSE TO PRODUCTION NO. 22:**  MTC objects to Request for Production No. 22 on the basis that is duplicative of Request for Production No. 2 and No. 4.  MTC further objects to Request for Production No. 22 on the basis that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims and defenses of the parties because it is not limited to the policies and procedures that are at issue in this lawsuit.  Without waiving and subject to this objection, MTC produces the two employee handbooks in place during Plaintiff's employment at MTC-000171 to MTC-000234 See also various policies in the documents produced as MTC-000031 to MTC-000075 and MTC-000097 to MTC-000152.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 30].  This request is overly broad and duplicative.  MTC incorporates herein its arguments set forth above regarding Request No. 2 and Request No. 4.  Moreover, MTC produced two employee handbooks that were in place during Plaintiff's employment, which contain various statements about discrimination issues.  MTC further produced specific policies including but not limited to policies regarding discrimination, affirmative action, anti-harassment.  As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 22 be denied.

### 17. Request No. 23

Request No. 23 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 23:**  Please produce for inspection and copying all EEOC reports Defendant has filed in the last three (3) years.

**RESPONSE TO PRODUCTION NO. 23:**  MTC objects to Request for Production No. 23 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses of the parties in this matter because it seeks information about persons and issues not relevant to this lawsuit.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 31]. This request is overly broad and irrelevant to the claims or defenses at issue. It is not limited to the facility where Plaintiff worked, which was open less than a year at the time of Plaintiff's termination. Additionally, to the extent any responsive documents exist, there is no connection between such documents and the present lawsuit. As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 23 be denied.

### 18. Request No. 24

Request No. 24 and MTC's response are as follows:

> **REQUEST FOR PRODUCTION NO. 24:** Please produce for inspection and copying all documents Defendant has that reflect an affirmative action plan, or other policies, procedures, or practices designed to encourage recruitment of minorities, females, or persons with disabilities.

> **RESPONSE TO PRODUCTION NO. 24:** MTC objects to Request for Production No. 24 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses of the parties in this matter because affirmative action and/or the categories of persons referenced at not relevant to this lawsuit. Without waiving and subject to these objections, see MTC-000052.

(Exhibit 6, MTC's Response to Plaintiff's First Set of Requests for Production); [Dkt. No. 105, p. 32-33]. MTC's position has been that this is not an affirmative action case and that the affirmative action issues have no bearing whatsoever on either parties claims or defense. This is a termination case related to Plaintiff's inappropriate relationship with a subordinate. Regardless, MTC produced its affirmative action policy. As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 24 be denied.

### 19. Request No. 26

Request No. 26 and MTC's response are as follows:

> **REQUEST FOR PRODUCTION NO. 26:** Please provide video copies of all video footage taken by the cameras on the exterior of Buildings 7 and 8 at the

MTC Walnut Grove Facility between March 1, 2013 and May 6, 2013.  To the extent that you deem any such production objectionable under privacy concerns, please see the Proposed Protective Order provided to Defendants in November 2014, which Plaintiff stands ready to again negotiate in good faith with the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**  The requested video footage no longer exists.

(Exhibit 9, MTC's Response to Plaintiff's Second Set of Requests for Production); [Dkt. No. 105, p. 42-43].  MTC has no video to produce because the system at the Facility records video surveillance on a 7-day loop and any relevant video had been recorded over.  To the extent Plaintiff wishes to argue for any type of spoliation instruction, he may do so at the appropriate time.  However, the proper procedure for that is not a motion to compel something that does not exist.  As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 26 be denied.

**20. Request No. 27**

Request No. 27 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 27:**  Please provide unredacted copies of all contracts into which MTC entered with the State of Mississippi with regard to the Walnut Grove Facility including all associated documentation with such contracts (including but not limited to exhibits, attachments, and other supplementary documents).  To the extent that you deem any such production objectionable under privacy concerns, please see the Proposed Protective Order provided to Defendants in November 2014, which Plaintiff stands ready to again negotiate in good faith with the Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**  MTC objects to Request for Production No. 27 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence regarding the claims and defenses of the parties in this matter because MTC's contractual agreement with MDOC is completely irrelevant to this employment lawsuit.   Further, even if relevant, the contracts are confidential and can only be produced via a protective order.

(Exhibit 9, MTC's Response to Plaintiff's Second Set of Requests for Production); [Dkt. No.

105, p. 45-46].  MTC did not produce its contract with MDOC because it has no bearing on this

employment lawsuit.  As a result, MTC requests that Plaintiff's motion to compel regarding

Request No. 27 be denied.

### 21. Request No. 28

Request No. 28 and MTC's response are as follows:

> **REQUEST FOR PRODUCTION NO. 28:** Please produce all communications (including but not limited to e-mail, voicemail, and recordings) between any member of MTC personnel and Christopher B. Epps, former director of the Mississippi Department of Corrections ("MDOC"), concerning the contract between MTC and the State of Mississippi for MTC's takeover of services at the Walnut Grove Facility.  To the extent that you deem any such production objectionable under privacy concerns, please see the Proposed Protective Order provided to Defendants in November 2014, which Plaintiff stands ready to again negotiate in good faith with the Defendants.  To the extent that Defendant MTC wishes to invoke any specific right against self-incrimination, please invoke this plainly.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**   Based on Plaintiff's bribery argument in response to MTC's summary judgment motion regarding the *McArn* claim, MTC understands this request to be focused on information allegedly related to that claim.   MTC objects to Request for Production No. 28 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence regarding the claims and defenses of the parties in this matter because Plaintiff never mentioned this bribery allegation or any allegation associated with Christopher Epps in his First Amended Complaint, deposition testimony, or discovery responses and there no evidence whatsoever that Plaintiff reported any such allegation prior to his termination.  Moreover, this request is not limited to any specific MTC employee, which is a clear indication that this request is simply a fishing expedition.

(Exhibit 9, MTC's Response to Plaintiff's Second Set of Requests for Production); [Dkt. No.

105, p. 49-50].  According to Plaintiff's own allegations, discovery responses, and discovery

testimony, the only alleged illegal activity reported by Plaintiff involved alleged staffing issues

under the *DePriest* Consent Decree, which was an order entered in civil litigation in another

matter.   Plaintiff has never made any allegations regarding Epps and McCrory.   Rather, Plaintiff's counsel brought up Epps and McCrory in an attempt to avoid summary judgment on the *McArn* claim.   This issue has been briefed with regard to MTC's partial summary judgment on Plaintiff's *McArn* claim as well as the motion for protective order regarding the deposition of Christopher Epps.   [Dkt. No. 80, 81, 84, 85, 90, 101, 102, 103, 104].   MTC incorporates its arguments in these other briefs on this issue.   As a result, MTC requests that Plaintiff's motion to compel regarding Request No. 28 be denied.

**22. Request No. 29**

Request No. 29 and MTC's response are as follows:

**REQUEST FOR PRODUCTION NO. 29:** Please produce all communications (including but not limited to e-mail, voicemail, and recordings) between any member of MTC personnel and Cecil McCrory concerning the contract between MTC and the State of Mississippi for MTC's takeover of services at the Walnut Grove Facility.  To the extent that you deem any such production objectionable under privacy concerns, please see the Proposed Protective Order provided to defendants in November 204, which Plaintiff stands ready to again negotiate in good faith with the Defendants.  To the extent that Defendant MTC wishes to invoke any specific right against self-incrimination, please invoke this plainly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:** Based on Plaintiff's bribery argument in response to MTC's summary judgment motion regarding the *McArn* claim, MTC understands this request to be focused on information allegedly related to that claim.   MTC objects to Request for Production No. 29 on the basis that is it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence regarding the claims and defenses of the parties in this matter because Plaintiff never mentioned this bribery allegation or any allegation associated with Cecil McCrory in his First Amended Complaint, deposition testimony, or discovery responses and there no evidence whatsoever that Plaintiff reported any such allegation prior to his termination.   Moreover, this request is not limited to any specific MTC employee, which is a clear indication that this request is simply a fishing expedition.

(Exhibit 9, MTC's Response to Plaintiff's Second Set of Requests for Production); [Dkt. No. 105, p. 52-53].  MTC incorporates its argument above with respect to Request No. 28, and as a result, MTC requests that Plaintiff's motion to compel regarding Request No. 29 be denied.

## IV.     Conclusion

MTC submits that Plaintiff's motion to compel should be denied in its entirety.

RESPECTFULLY SUBMITTED, this the 29th day of October, 2015.

**MANAGEMENT & TRAINING
CORPORATION**

BY:/s/ Benjamin B. Morgan
R. Jarrad Garner (MSB #99584)
Benjamin B. Morgan (MSB #103663)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
(p) 601-353-3234
(f) 601-355-9708
jarrad.garner@arlaw.com
ben.morgan@arlaw.com

## CERTIFICATE OF SERVICE

I, Benjamin B. Morgan, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

THIS the <u>29th</u> day of October, 2015.

*/s/ Benjamin B. Morgan*
Benjamin B. Morgan