## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JAMES RUSSELL MILLER**                                                   **PLAINTIFF**

**v.**                                                   **NO. 3:14-CV-00427-HTW-LRA**

**MANAGEMENT & TRAINING CORPORATION;**
**PATRICIA DOTY; PRISCILLA DALY;**
**LAWRENCE MACK; and KEITH O'BANION**                          **DEFENDANTS**

### PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT

On this, the 9th day of November, 2015, the Court reviewed the stipulation and agreement for a Protective Order, and makes the following Orders:

1.      Confidential Information, as later defined herein, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons, as herein defined.

2.      Confidential Information shall be deemed to include, without limitation:

(a)      Documents containing confidential proprietary, sensitive, and/or personal information such as social security numbers, contact information, medical information, dates of birth, and information and other matters now requested or hereinafter requested by a party or required by the parties to be disclosed pursuant to the Federal Rules of Civil Procedure and/or the Local Uniform Civil Rules, and such other information as may be deemed by this Court to be relevant or material herein.

(b)      The parties further contemplate that certain documents will be produced to Plaintiff's counsel by the Mississippi Department of Corrections responsive to a public records request made pursuant to Mississippi law.  The

parties agree that all such documents shall automatically constitute Confidential Information pursuant to the terms of this Order, and are thus subject to all terms and provisions herein.

(c)     Any other information concerning such as set forth in 2(a) herein above as may be, from time to time, produced by a party and declared by the party at the time of production to be "Confidential Information" and subject to this Order. Materials that are being designated as confidential that do not fall into one of the specific categories named in Section 2(a) above, should be stamped confidential, or if Bates numbers are used, documents may be designated as confidential by bates number in a letter or other written communication.

(d)     A party may oppose a confidentiality designation in writing within 10 days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue, and may move to remove the confidentiality designation if that fails.  However, the parties agree that no objection shall be lodged by any party opposing the confidentiality of the documents produced by the Mississippi Department of Corrections as identified in Section 2(b) above.

3.     Except with the prior written consent of the parties, or pursuant to further Order of this Court on motion with notice to the parties, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the Plaintiff, Defendants, any current or future counsel of record for the Plaintiff or Defendants in this action, and secretaries, para-professional assistants, experts and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action, court personnel, witnesses at trial or deposition, and the jury.

4.     Counsel for the parties shall be responsible for limiting access to Confidential Information to those Qualified Persons who are authorized to receive the Information under

this Protective Order.  Qualified Persons receiving Confidential Information shall not reveal it to or discuss it with any person who is not a Qualified Person.

5.     Upon delivery of Confidential Information herein, the parties (or the parties' counsel) shall execute and submit to the producing party's counsel a document entitled "Inventory of Confidential Documents Delivered" in the form affixed hereto as Exhibit 1. Documents containing confidential information shall be stamped or otherwise marked as confidential.

6.     This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. Three years following the conclusion of this action, including all appeals:

(a)     The parties and their counsel shall destroy all Confidential Information, including correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

(b)     Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding. Sanctions will attach to any person who discloses such in violation of this provision.

7.     Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.  However, the parties agree that no objection shall be lodged by any party opposing the confidentiality of the documents produced by the Mississippi Department of Corrections as identified in Section 2(b) above.

8.     Documents that are entirely confidential may be required to be filed with the Court and with the Clerk of this Court shall be filed under seal, upon application by the filing party of a Motion to Seal, as set forth in Local Rule 79.  An Order granting the Motion to Seal must be obtained by the filing party prior to filing the documents deemed

confidential by the parties.  Documents containing confidential information may be filed in a redacted form so that those portions of the document containing confidential information will not be visible to the public.  Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

THIS the 9th day of November 2015.

s/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM:

/s/ James M. Scurlock_____
James M. Scurlock, AR Bar No. 2012028
WALLACE, MARTIN, DUKE & RUSSELL, P.L.L.C.
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
E-mail:  jms@WallaceLawFirm.com
Attorneys for Plaintiff

AND

Matthew Reid Krell
THE LAW OFFICES OF MATTHEW REID KRELL
1630 Goodman Road
Suite 5
Southaven, Mississippi 38671
E-Mail:  matthewkrell@gmail.com
(662) 469-5342
(866) 237-2478 FAX

AND

/s/ R. Jarrad Garner

Richard Jarrad Garner
Benjamin B. Morgan
Lindsey O. Watson
ADAMS AND REESE, LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, Mississippi 39157
(601) 353-3234
(601) 355-9708 FAX
E-Mail:  Jarrad.Garner@arlaw.com
E-Mail:  Ben.Morgan@arlaw.com
E-Mail:  Lindsey.Oswalt@arlaw.com

AND

_/s/ Andrew J. Clark_
Andrew J. Clark
SCOTT, SULLIVAN, STREETMAN & FOX
Post Office Box 13847
Jackson, Mississippi 39236-3847
Email:  andy@andyjclark.com
(601) 622-7334
(601) 898-1025 FAX

## EXHIBIT 1

## INVENTORY OF CONFIDENTIAL DOCUMENTS PROVIDED

      I hereby submit the following documents, document pages, and/or depositions which are subject to the Protective Order for the protection of documents in <u>James Miller v. Management & Training Corporation, et. al.</u> filed in The United States District Court for the Northern District of Mississippi, Northern Division, Case No. 3:14-CV-00427-HTW-LRA.

List all documents, pages, and depositions submitted below:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATED: _____SIGNATURE: _____