**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES RUSSEL MILLER**                                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION No: 3:14-CV-427 HTW-LRA**

**MANAGEMENT & TRAINING CORPORATION;
PATRICIA DOTY; PRISCILLA DALY;
and LAWRENCE MACK**                                               **DEFENDANTS**

## ORDER

Before this court is a Motion for Summary Judgment filed on April 23, 2015 by

defendant Management & Training Corporation ("MTC").  [Doc. No. 80].  Also before

this court is plaintiff James Russell Miller's Motion to Stay Summary Judgment under

F.R.C.P 56(d),[1] filed on May 14, 2015 [Doc. No. 88].  The court addresses both of these

motions in this order.

This court denies the Motion for Summary Judgment, as well as the Motion to

Stay Summary Judgment for the reasons discussed herein.

MTC filed a motion for summary judgment against plaintiff's *McArn* claim[2] for

opposing illegal activity, claiming that plaintiff could not show that MTC's decision to

discharge was motivated by any cognizable threat by plaintiff to report illegal or criminal

conduct by MTC.  In his response to MTC's motion [Doc. No. 85], plaintiff complained

that MTC had filed its motion for summary judgment "well before the close of discovery."

---

[1] Rule 56(d) of the Federal Rules of Civil Procedure states that :
"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts
essential to justify its opposition, the court may:
　　1)　defer considering the motion or deny it;
　　2)　allow time  to obtain affidavits or declarations or to take discovery; or
　　3)　issue any other appropriate order."
[2] Opposition to an illegal activity and retaliation for such opposition is commonly referred to as a *McArn*
wrongful termination claim pursuant to Mississippi law. *See McArn v. Allied Bruce-Terminix Co., Inc.,* 626
So.2d 603 (Miss. 1993).

The case management order set July 24, 2015 as the deadline for discovery. After a motion for extension of time to complete discovery submitted to the court by plaintiff on March 20, 2015, the court extended the discovery deadline to August 24, 2015.  Again, on April 14, 2015, the court set the final discovery deadline to November 23, 2015.  As earlier stated, MTC filed its motion for summary judgment on April 23, 2015, seven months before the end of discovery.

MTC attests that the facts here fail to reveal any disputes as to material facts and that no relevant discovery is pending.  Disagreeing, plaintiff argues that critical depositions are still outstanding which could provide additional information for the parties, among other forms of discovery.

At this juncture, this court is persuaded to permit MTC to complete its entitled discovery.  As such, this court denies MTC's motion for summary judgment at this time [Doc. No. 80], and, further, denies plaintiff's motion to stay summary judgment [Doc. No. 88]. u Should MTC (or, for that matter, plaintiff) wish to file for summary judgment after discovery has been completed, the parties may do so before the expiration of thirty (30) days thereafter.

**SO ORDERED, this the 27<u>th</u> day of January, 2016.**


**s/HENRY T. WINGATE_____**
**UNITED STATES DISTRICT JUDGE**