**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES RUSSELL MILLER**                                                          **PLAINTIFF**

**VS**                                       **CIVIL ACTION NO.: 3:14-cv-427-HTW-LRA**

**MANAGEMENT & TRAINING CORPORATION, et. al.**            **DEFENDANT**

**<u>ORDER</u>**

Before this Court is Defendant's Motion for Attorney's Fees [Docket No. 177], filed by Defendant Management & Training Corporation ("Defendant") on April 6, 2017. Defendant asserts that it is entitled to an award of attorney's fees after this Court granted summary judgment in its favor on March 23, 2017 [Docket Nos. 173, 174]. In his Complaint, Plaintiff James Russell Miller ("Plaintiff") raised assertions of gender discrimination under Title VII of the Civil Rights Act of 1964[1]; race discrimination under 42 U.S.C. §1981[2] ; and a McArn[3] state law claim for wrongful termination. In the Order Granting Summary Judgment for Defendant [Docket No. 173], this Court found that Plaintiff had failed to establish a prima facie case of gender or racial discrimination, and had not met the requirements pursuant to Mississippi law for his wrongful

---

[1] 42 U.S.C. § 2000e: (a) Employer practices:  It shall be an unlawful employment practice for an employer--
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin

[2] 42 U.S.C. § 1981: (a) Statement of equal rights: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

[3] Wrongful termination under Mississippi law is a narrow tort-based claim that encompasses two public-policy exceptions to the employment at-will doctrine. In order to prevail on this claim, a plaintiff must establish that he was terminated either because (1) he refused to participate in an illegal activity, or (2) he reported an illegal activity of the employer. *McArn v. Allied Terminix Co.*, 626 So.2d 603, 606-607 (Miss. 1993).

termination claim [Docket No. 173, p.12].

Defendant asserts that because it prevailed on all claims, this Court should rule that Defendant is entitled to its reasonable attorney's fees, in addition to Defendant's prevailing costs totaling $3,901.50[4]. After such a favorable decision, says Defendant, it will submit an itemization of the fees it contends are appropriate, as well as the proof necessary for the Court to determine the proper award amount.  This Court is persuaded to grant Defendant its reasonable attorney's fees.

## DISCUSSION

### I. Defendant is entitled to reasonable attorney's fees because Plaintiff failed to establish a prima facie case of discrimination to support his federal claims.

The United States Supreme Court has held that in Title VII actions, a prevailing defendant is entitled to reasonable attorney's fees if the Court determines that Plaintiff's suit was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978). The Fifth Circuit Court of Appeals has obediently adopted this jurisprudence. *See Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000) (citing *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir.1999)). Relevant factors in determining when a suit was frivolous or without foundation include: "(1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the district court dismissed the case or held a full-blown trial." *United States* v. *Mississippi*, 921 F.2d at 609. *See also Myers*, 168 F.3d at 293. Yet the factors used to determine frivolity "are neither rigid nor dispositive." *Crunk ex rel. Kenneth P.* v. *San Antonio Indep. Sch. Dist.*, 2004 U.S. Dist. LEXIS 21555, 2004 WL 2397573 at *3 (W.D. Tex. Sep. 8, 2004). The Fifth Circuit has further instructed that "a bad faith

---

[4] See Bill of Costs filed by Defendant on April 6, 2017 [Docket No. 176].

finding is not required for an award of attorney's fees" to a prevailing defendant. *In re E.E.O.C.*, 207 Fed. App'x. 426, 433 (5th Cir. 2006). The decision to award attorneys' fees to a prevailing defendant is within the discretion of the district court. *Myers* 211 F.3d at 292.

When considering whether to award fees to a prevailing defendant, the district court must exercise caution to avoid the possible "chilling effect" the award creates. *See Vaughner* v. *Pulito*, 804 F.2d 873, 878 (5th Cir. 1986). The test for a prevailing defendant to obtain attorneys' fees is purposefully more stringent, and "is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Myers*, 211 F.3d at 292 (quoting *Aller* v. *New York Bd. of Elections*, 586 F. Supp. 603, 605 (S.D.N.Y. 1984)).

In the present case, this Court determined that Plaintiff had failed to establish a prima facie case of discrimination, both as to his federal claims, as well as to his wrongful termination claim under Mississippi State law. The plaintiff's failure to establish the *prima facie* case on any of his claims supports a finding of frivolousness. That factor favors MTC. The Fifth Circuit has noted that, "'it is relatively easy both for a plaintiff to establish a prima facie case and for a defendant to articulate legitimate, nondiscriminatory reasons for his decision, most disparate treatment cases are resolved at the third stage of the inquiry, on the issue of whether the defendant's reasons are pretextual.'" *Amburgey* v. *Corhart Refractories Corp.*, 936 F.2d 805, 811 (5th Cir. 1991) (internal cites omitted). This Court held *sub judice* that Miller did not even establish the very minimum requirements to prevail in his federal claims. He could not demonstrate that MTC had hired a female; so, his gender discrimination failed. Nor could he demonstrate in his race discrimination claim that a similarly-situated individual outside of his race had been treated differently by MTC.

3

Plaintiffs suing under Title VII must exhaust their administrative remedies before filing a civil lawsuit. *Castro* v. *Tex. Dep't of Criminal Justice*, 541 F. App'x 374, 379 (5th Cir. 2013) (citing *McClain* v. *Lefkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008)). To satisfy this requirement, private sector employees must file an administrative charge with the EEOC. *McClain*, 519 F.3d at 273. The permissible scope of a complaint under Title VII is limited to the scope of the EEOC investigation reasonably expected to grow out of the charge. *Roberts* v. *U.S. Postmaster General*, 947 F. Supp. 282, 285 (E.D. Tex. 1996) (citing *Sanchez* v. *Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). The exhaustion requirement is not a *pro forma* exercise as the first step into federal court; rather, it is meant to flesh out any claims and allow early resolution of the dispute without the costs attendant to civil litigation. *See Butts* v. *City of New York Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401-02 (2d Cir. 1993). On June 21, 2013, Miller filed his Charge of Discrimination with the EEOC. He never alleged any race discrimination in that charge; instead, he only alleged gender discrimination and retaliation.

On July 17, 2013, MTC filed its response to Miller's charge, where it provided a concise position statement on the reasons why Miller had been terminated, supporting documentation, and it explicitly noted that Miller could not make out a *prima facie* case of discrimination. Thus, *before* the lawsuit was filed, Miller had actual notice that he had no hope of success.

This Court is persuaded that Plaintiff's suit was frivolous, as determined by the factors set forth in *Myers* and other Fifth Circuit jurisprudence. Further, excerpts from Plaintiff's deposition, already considered by the Court in its summary judgment determination, show that Plaintiff could not provide any legitimate details of Defendant's conduct to substantiate his claims of discrimination[5]. Plaintiff and his counsel knew his claims were without merit, but

---

[5] In his deposition, when asked why he believed he was terminated, Plaintiff repeatedly answered, "I was terminated from Walnut Grove Correctional Facility for being a black male, standing up for what's right against the illegal

4

continued to pursue them anyway, giving Defendant the right to reasonable attorney's fees incurred in defending these claims, pursuant to the precedent set forth by the United States Supreme Court in *Christiansburg*.

### II. Plaintiff's counsel should bear the cost of all needless and vexatious proceedings pursuant to Title 28 U.S.C. §1927.

Defendant now asserts that Plaintiff's counsel should be held personally liable for the needless and vexatious proceedings they initiated in this litigation. Title 28 U.S.C. §1927 grants the court power to sanction any attorney practicing before it for excessive costs:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Title 28 U.S.C. §1927.

The Fifth Circuit, in sanctioning attorneys under this statute, has held that:

> "Punishment under this statute is sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense. We therefore require a detailed finding that the proceedings were both unreasonable and vexatious."

*Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 892 (5th Cir. 2014) (citing *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir.1996) (internal citation and marks omitted)).

In its motion, Defendant asserted specific instances in which Plaintiff's counsel vexatiously and unnecessarily prolonged the litigation in this matter:

- "Plaintiff's counsel unilaterally noticed depositions of out-of-state defendant-deponents at a location of his choosing, which was not in conformity with the Federal Rules of Civil Procedure. Counsel refused to agree to take the depositions at a location convenient for

---

activities that were going on at the facility." [Docket No. 177, Exhibit "C" at 9:2-5]. Plaintiff never provided any facts to support his claims, and continued to make unsubstantiated assertions as to why he was terminated.

      the individual defendants who resided hundreds of miles from where Plaintiff noticed the deposition. Plaintiff's counsel opposed the Defendants' Motion for Protective Order and, when Judge Anderson granted the motion, they[6] filed an objection to it with the District Court. After the District Court overruled the objection, Plaintiff's counsel never attempted to take the depositions."

- "In April 2015, Miller sought a continuance of the discovery deadline and trial setting in order to complete discovery. MTC consented to the continuance and the parties submitted a joint order. The discovery deadline was first extended until November 23, 2015. Between the order granting the continuance in February 2015, Miller only took one deposition. Although Miller filed numerous pleadings relating to the depositions of Daly and Mack, he never noticed or took those depositions. On May 13, 2015 (months after the original continuance was granted), Miller propounded additional written discovery on MTC, to which MTC responded timely on June 15, 2015. Thus, Miller had in his possession all of MTC's discovery responses from June. However, Miller waited until October 12, 2015 to file a motion to compel supplemental responses. He also moved for a continuance of the trial date and discovery deadline, which was ultimately granted. Miller's dilatory actions prolonged this litigation for more than a year."

- "Miller filed a Motion to Compel on October 12, 2015, seeking supplemental responses to 32 discovery requests. After the parties had briefed the matters fully, the Court set a hearing on the motion. At the beginning of the hearing, Miller's counsel announced to the Court that he was dropping 22 of the 32 requests for supplementation."

- "After MTC filed its Reply Brief in support of its summary judgment motion, which correctly pointed out that Miller failed to come forward with his prima facie case or to establish a genuine issue of material fact as to any element of his claims, Miller's counsel engaged in more childish pedantry by filing a motion to strike the reply. This Motion was baseless and unsuccessful."

Docket No. 178, pp. 13-14.

      This Court is in agreement with Defendant that Plaintiff's counsel engaged in unnecessary litigation for claims they[7] knew were without merit. Thus, this Court is persuaded to hold Plaintiff's counsel personally liable for the cost of such unnecessary litigation pursuant to the authority of 28 U.S.C. §1927, in addition to the attorneys' fees to which Defendant is entitled for prevailing on all claims.

      Finally, the Court would note that Plaintiff's counsel did not address the merits of

---

[6] "They" refers to Plaintiff's counsel, specifically James Monroe Scurlock, Matthew Reid Krell, and John B. Gillis.
[7] See fn. 5.

Defendant's motion in their[8] response in opposition, instead focusing on their mistaken conclusion that Defendant's motion was untimely and should be denied as such. *See Docket Nos. 180, 182.* Plaintiff's counsel later moved for permission to amend their[9] response in order to address the merits of Defendant's motion, which the Court denied. *See Docket No. 188.* Plaintiff has offered no argument in opposition to Defendant's motion for attorney's fees, thus, Plaintiff admits Defendant's motion and Defendant is entitled to its reasonable attorney's fees.

## CONCLUSION

This Court, upon reviewing the proceedings of this matter and the relevant jurisprudence, is persuaded to GRANT Defendant's Motion for Attorney's Fees [Docket No. 177]. Defendant has provided sufficient evidence of its right to attorney's fees by prevailing against Plaintiff on all claims, as well as the fees incurred by Defendant during the unnecessary litigation proceedings initiated by Plaintiff's counsel. Accordingly, the Defendant is entitled to its reasonable attorney's fees in this matter, and this Court hereby directs Defendant to submit an itemization of fees it contends are appropriate, along with the required proof necessary for the Court to determine the proper award amount, within fourteen (14) days of this Order.

**SO ORDERED** this    26th    day of   January,  2018.

                                          s/ HENRY T. WINGATE
                                          UNITED STATES DISTRICT COURT JUDGE

---

[8] See fn. 5.
[9] See fn. 5.