IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES RUSSELL MILLER, | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:14-cv-000427-HTW-LRA |
| | ) | |
| MANAGEMENT & TRAINING | ) | |
| CORPORATION, *et al.*, | ) | |
|     *Defendants* | ) | |

**Response in Opposition to Plaintiff's Motion Seeking Sanctions under Rule 11(b)**

COMES NOW Defendant Management & Training Corporation ("MTC"), and its counsel, and files this opposition to Plaintiff's Motion Seeking Sanctions under Rule 11(b). [Dkt. 228].

## INTRODUCTION

This Court should deny Plaintiff's Motion Seeking Sanctions under Rule 11(b) against MTC's counsel. Plaintiff has not complied with the procedural prerequisites for filing this motion under Fed. R. Civ. P. 11(c)(2). The motion Plaintiff served on MTC six months ago bears little resemblance to the motion it has now filed. MTC has therefore had no prior opportunity to consider Plaintiff's present (meritless) allegations of misconduct.

Moreover, the motion is substantively without merit. That MTC submitted two filings seeking different forms of relief based on the same facts and arguments does not demonstrate MTC acted with "improper purpose." Nor does the wording of MTC's Motion to Strike constitute "abusive" language such that sanctions are appropriate. Plaintiff's own case law confirms this to be true. This Court should therefore deny Plaintiff's motion, which is simply the

1

latest in a very long line of imprudent motions and pleadings he has filed in this Court – starting with his initial Complaint itself.

## FACTS AND BACKGROUND

On January 26, 2018, this Court entered an order awarding MTC its attorney's fees and costs against Plaintiff James Russell Miller and his counsel. [Dkt. 191]. The Court's order was based on its findings that (1) Plaintiff's case was substantively frivolous and (2) his counsel's conduct during litigation was vexatious and unnecessarily multiplied the litigation. *Id.* As directed by the Court's order, MTC subsequently filed its itemization of attorney's fees and costs. [Dkt. 205, 206].

Plaintiff responded to MTC's itemization with a derisive brief accusing MTC's counsel of defrauding the court. [Dkt. 210, 211]. Plaintiff's only "evidence" in support this claim was a self-interested declaration prepared by one of his own counsel. [Dkt. 211-1]. Both Plaintiff's memorandum and counsel's declaration openly impugned the competency of defense counsel and declared that the billing records submitted to the Court demonstrated unethical conduct and "fraud" by MTC's attorneys. *Id.*

In response to Plaintiff's serious accusations, MTC began preparing a reply brief in support of its Itemization of its Attorney's fees ("the Substantive Reply"). MTC timely petitioned this Court for an extension of time to file its Substantive Reply. Plaintiff opposed the motion. Due to excusable neglect, MTC's Reply in Support of its Motion for Extension of Time was not timely filed. [Dkt. 212]. MTC therefore filed a motion to file its Reply in Support of the Motion for Extension (not its Substantive Reply) out of time. [Dkt. 214]. This Court later considered the Motion for Extension and Motion for Leave to File Out of Time and allowed MTC to file its Substantive Reply. [Dkt. 222].

2

However, while the motion for additional time to file the Reply was pending, MTC also filed a Motion to Strike Plaintiff's Response in Opposition to Defendant's Itemization of Attorney's fees. [Dkt. 215]. The Brief in Support of MTC's Motion to Strike and the later filed Reply Brief are substantively very similar. [Dkt. 215, 216]. However, the two filings seek different relief altogether. The Motion to Strike and Brief in Support request that Plaintiff's Response be removed from the docket in its entirety. *Id.* The substantive Reply asks that the objections stated in Plaintiff's Response be overruled or ignored, and MTC awarded its fees as described in its Itemization and supporting documents.

## LAW AND ARGUMENT

### I. Plaintiff has not complied with the procedural requirements of Rule 11.

In order to properly file a motion for Rule 11 sanctions, counsel must prepare a motion that "describe[s] the specific conduct that allegedly violates Rule 11(b)." But he must not file it. Instead, he is to serve it upon the opposing party, giving him 21 days to withdraw the allegedly offending paper. Fed. R. Civ. P. 11(c)(2).

Here, Plaintiff vaguely claims to have complied with this requirement, attaching a letter dated June 29, 2018. [Dkt. 228-2]. In that letter, Plaintiff's counsel states that MTC's Motion to Strike is "frivolous" and attaches a proposed motion. The proposed motion attached to that letter, however, is *entirely different* from the one now at issue. Ex. 1 – Rule 11 Motion sent to MTC with June 29 letter. Indeed, it focuses entirely on MTC's substantive arguments in the Motion to Strike, and contains little discussion of "improper purpose" and makes no reference to any "abusive language."

Before Plaintiff's filing, MTC had never seen the motion at issue with respect to the instant briefing. This violates Rule 11(c)(2)'s requirement that the actual motion to be filed be sent to

3

counsel for review 21 days before it is filed. Plaintiff's failure to comply with this rule is especially improper here, where the motion he previously sent to MTC's counsel alleges wholly different grounds for the purported Rule 11 violations at issue. MTC therefore has had no "safe harbor" respecting Plaintiff's allegations in this motion. On this basis alone, this Court should deny Plaintiff's motion.

## II.   Regardless, MTC's Motion to Strike was not filed for an improper purpose.

Federal Rule of Civil Procedure 11 governs the conduct of parties and attorneys concerning their representations to the Court. Specifically, Rule 11(b) states that an attorney or unrepresented party, by signing a written motion, certifies to the Court that it is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation." Fed. R. Civ. P. 11(b). Plaintiff contends the undersigned acted with an improper purpose when filing a Reply Brief in Support of MTC's Itemization of its Attorney's Fees that is, at least he claims, substantively identical to its previously filed Brief in Support of its Motion to Strike Plaintiff's Response.[1] Plaintiff insists the Motion to Strike was an underhanded attempt to insert MTC's arguments in support of its Itemization of Attorney's Fees and Costs into the record at a time when the Court had not yet ruled on MTC's motion for extension of time to file its Reply Brief.

As a factual matter, the evidence does not support Plaintiff's unsubstantiated claim that counsel was motivated by subterfuge to submit two filings based on substantially the same arguments. Instead, the evidence shows counsel permissibly pursued alternative forms of relief based on the same facts and authorities. The Motion to Strike seeks the greater sanction— removal from the record of Plaintiff's filing. The Reply Brief, on the other hand, asks this Court

---

[1] Confusingly, Plaintiff insists at the close of his memorandum that he is seeking sanctions only for the Motion to Strike, although his argument for "improper purpose" appears to rely almost solely on the similarities between the Motion to Strike and the Reply Brief.

4

to overrule Plaintiff's objections, but not to strike his Response from the record. Plaintiff has not identified any case law prohibiting a party from using the same arguments to support two different forms of relief.

Nor could he. This Court has made clear that a party may seek alternative forms of relief. *See Gulf Coast Beach Blvd., LLC v. Fid. Nat'l Title Ins. Co.*, 2014 U.S. Dist. LEXIS 186617, at *3 (S.D. Miss. Oct. 10, 2014) (granting request for alternative relief). Indeed, local practice permits parties to seek two or more remedies *in the same motion*. In those cases, the same document must be filed twice on the docket. When this occurs, the two filings are 100% identical, but are considered by the Court in support of separate remedies. Plainly, an attorney does not act improperly when he files the same document twice in order to request two different forms of relief. It follows that an attorney likewise does not violate Rule 11 when he files two separate documents that are substantially similar—but not 100% identical—also seeking different remedies. There was nothing improper about the two filings at issue here.

This Court should likewise reject Plaintiff's contention that the undersigned acted deceitfully by filing a Motion to Strike when the Court had not yet granted his extension of time to file his Reply Brief. Plaintiff has not cited any authority whatsoever limiting the circumstances under which a party may move to strike an offensive filing. MTC was entitled to file its Motion to Strike regardless of whether the Court granted its requested extension of time to file a Reply Brief.

Plaintiff simply has not presented evidence that there was any improper purpose at play. MTC believed its arguments for overruling Plaintiff's Objections to MTC's Itemization of Attorney's Fees equally supported striking the pleading. MTC was not required to wait until the Court ruled on its Motion for Extension of time respecting the Reply Brief to move to strike

Plaintiff's Response.  Indeed, if it had done so, it would likely have faced allegations of dilatory conduct from Plaintiff.  Counsel's actions in seeking two discrete forms of relief, each of which it was and remains entitled under the rules and the rulings of this Court to seek, was "reasonable[] under the circumstances." *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994).

Nor, importantly, has Plaintiff established as a legal matter that counsel's purpose was improper.  Rule 11 contains a non-exhaustive list of improper purposes, which include harassment, unnecessary delay, or needless increases to the costs of litigation.  Plaintiff's memorandum suggests counsel is guilty of "filing excessive motions," which can constitute harassment under Rule 11.  However, Plaintiff offers no authority showing that only two motions offering the same rationale for different relief rise to the level of "excessive motions."  Plaintiff identifies no other "improper purpose" purportedly motivating the undersigned's actions.

Further, what little authority Plaintiff offers in support of his "improper purpose" argument is distinguishable.  First, Plaintiff cites the Ninth Circuit's decision in *Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir. 1986) for the proposition that "successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." But *Zaldivar* is wholly inapplicable to this case.  Unlike *Zaldivar*, there are no "successive complaints" in this case.  Indeed, MTC, the Defendant in this action, has not filed a complaint at all.  Nor has MTC sought any affirmative relief against Plaintiff other than its attorney's fees **which have already been awarded by the Court**.  The two documents at issue here specifically do not seek the same relief.  Even if *Zaldivar*'s successive complaints could reasonably be compared to two motions in the same case, there can be no harassment where the motions were filed for different purposes.

6

Likewise, unlike *Zaldivar*, none of the relief requested either in MTC's Motion to Strike or its Reply Brief has been previously rejected. To the contrary, the Court has not ruled on the arguments included in either document. It is wholly unclear how Plaintiff contends *Zaldivar* governs this case.

Nor does this case bear any resemblance to *National Assoc. of Government Employees, Inc. v. Nat'l Fed. of Federal Employees*, where the Court noted in dictum that "the filing of excessive motions, even if each is 'well grounded,' may under some circumstances constitute harassment sanctionable under the Rule." Plaintiff here has neither proved MTC's two filings were excessive, nor that the circumstances at issue here constitute harassment. Indeed, both of the filings by MTC, by Plaintiff's own admission, are substantially similar factually and legally and can be easily responded to and addressed by the Court.

Plaintiff's citation to *William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 143 (2d Cir. 1986) is inapt. In fact, *Resnick* undercuts, rather than supports, Plaintiff's declaration that "the recycling of memoranda of law for different motions has been held to constitute harassment under Rule 11 as objective evidence of excessive motions." Plaintiff's Memorandum at p. 7. The Second Circuit's opinion does not contain *any* language that can be reasonably construed as a finding that using the same memoranda of law for different motions is "objective evidence of excessive motions." Instead, the Second Circuit **reversed** the New York district court's holding that Rule 11 sanctions were appropriate where the defendant filed two motions on the same day which contained an identical argument. *Resnick*, 933 F.2d at 143. While the Second Circuit expressed its "disdain" for the use of "recycled memorand[a]", it ultimately held that the motions at issue had *not* been filed for an improper purpose. *Id.* The

7

Second Circuit's holding therefore, is precisely the opposite of how Plaintiff describes it. The fact that portions of the memoranda were identical was not evidence of an improper purpose.

Both MTC's Motion to Strike and its Reply Brief were filed with a proper purpose—to seek different forms of relief from the Court regarding Plaintiff's reckless allegations of misconduct against MTC's counsel. Plaintiff's conjecture that some other motive was at play is wholly unsupported, and should not form the basis for sanctions under Rule 11.

### III. The language Plaintiff identifies in MTC's filings is not "abusive" and does not warrant sanctions under Rule 11.

MTC does not disagree that abusive language may, under certain circumstances, form the basis for sanctions under Rule 11. But the language at issue here is not "abusive." Plaintiff contends the following language from the Motion to Strike and the Reply Brief warrants the imposition of Rule 11 sanctions:

- MTC's assertion that Plaintiff's Response to MTC's fee application is "a stain on [counsel's] reputations as officers of the court.

- MTC's characterization of Plaintiff's *ad hominem* attacks as "bile."

- MTC's allegation that Plaintiff's Response is offered "without a scintilla of evidence."

- MTC's alleged assertion that Plaintiff's counsel has breached their fiduciary duties to Plaintiff.

- MTC's allegation that Plaintiff's response to the fee application constitutes "libel *per se*."

None of the above statements constitutes "abusive" language. While MTC responded in the strongest possible terms to Plaintiff's accusations that its counsel committed fraud, those terms remained civil and appropriate under the circumstances. As Plaintiff seemingly admits, the only Fifth Circuit case upon which he relies to contend these statements are "abusive" featured language that was nothing like the language used in this case. *See Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir. 1989). Indeed, the sanctioned party in *Coats* stated that opposing counsel "acted

8

like a little nasty dumb female Mexican pig in heat" and that she was "nothing but garbage." *Id.* at 734. This obscene and objectively offensive language bears no resemblance to MTC's language in this case.

Plaintiff also relies on *Redd v. Fisher Controls*, 147 F.R.D. 128, 131 (W.D. Tex. 1993) to support his claim that MTC's language is "abusive." However, in describing the comments at issue in that case, he omits the most offensive portions giving rise to the court's ultimate award of sanctions. Plaintiff's Memorandum at p. 9. In *Redd*, the court began by noting that plaintiff's counsel had repeatedly and habitually violated the rules of court, filing multiple pleadings and motions which both violated the local rules and lacked merit. *Id.* at 129. After already hearing and denying one motion for sanctions against Plaintiff's counsel, the Court was pushed over the edge by a filing so egregious that if the court were "to list each and every offending passage in documents filed by [plaintiff's counsel], this order would approach the length of some of [plaintiff's counsel's] filings. *Id.* at 130. Plaintiff's filings, among other things, stated: "Defendant's resources are so plentiful, they carelessly waste tens of thousands of dollars on Defense firms trying to *cheat* Plaintiff's [sic] out of their just compensation." *Id.* at 131 (emphasis in original). He further stated, "[Defendant] and its defense counsel realize that they are sizeable *judicial*, political, and business forces who can find a way to obtain nearly whatever they desire by their political clout, superior litigation resources, superior financial resources and intimidation tactics," and "[Defendant] and its defense counsel have resorted to Hitlerian rhetorical ploy called the 'Big Lie' by which they preemptively accuse the opposition of using the same *fraudulent* tactics they are using." *Id.* (emphases in original) When the court asked plaintiff's counsel what basis plaintiff had for making these allegations, he alleged that the court itself was biased by "political consideration[s]" and was not "justly interpreting the law." *Id.*

9

Plainly, there was a great deal more "abusive" language at issue in *Redd* than the two statements Plaintiff identifies in his brief. Plaintiff stretches *Redd* too far when he insinuates the Court granted sanctions merely because plaintiff's counsel suggested an attorney was "ill-serving" his client. Plaintiff's Memorandum at p. 9. *Redd* featured a pattern of bad behavior, capped by accusations against the court itself and a comparison of opposing counsel's tactics to Hitler's. This case, plainly, is not like *Redd*.

Likewise, Plaintiff understates the objectionable tactics at issue in *PHI, Inc. v. Office & Professional Employees International Union,* 2007 U.S. Dist. LEXIS 89463 (W.D. La. Dec. 4, 2007) in order to improperly parallel it with this case. In that case, the court noted one party used the word "absurd or absurdity" six times in the same filing to describe his opponent's arguments. *Id.* at *19. The other party claimed the opposing party was "cheat[ing]" it of its choice of trial counsel, and that it engaged in an "infantile shifting of moral responsibility." *Id.* at *19-*20. That same party devoted five pages to "conjuring supposed scenarios in which [the opposing party] developed [its] strategy with respect to filing [the motion at issue] and posing facetious questions to the Court concerning [its] motivations for doing so." *Id.* at 20. The mere use of the words "absurd" and "infantile" were not, as Plaintiff suggests, alone sufficient to warrant the warning about civility ultimately issued by the court.

In reality, courts have found strongly worded remarks which are intended to meet the opposing party's arguments not to be abusive. In *Mark v. New Orleans City*, 2017 U.S. Dist. LEXIS 74837 (May 16, 2017) a district court held that the Defendant's language was not abusive when, among other things, he alleged that "[t]his matter represents a classic case of abuse of 'shot-gun' litigation, in that the plaintiff's main focus has been on attorneys' fees and costs rather than focusing on any injustices suffered by the plaintiff." *Id.* at *14. This statement, the Court

10

held, was made in legitimate response to Plaintiff's arguments. *Id.* at *15. The same is true of MTC's statements here.

With respect to the first statement identified on page 8, *supra*, MTC stands by its argument that Plaintiff's Response contains allegations that injure the reputations of Defense counsel without evidence or cause. While Plaintiff contends that all of his allegations are based on "admissible evidence," this is itself a disputed point. MTC hotly contests Plaintiff's contention that a declaration by one of his own attorneys (who potentially stands to bear a third of this Court's award of fees against Plaintiff's counsel) is admissible evidence of anything. As MTC previously argued, counsel has not been designated as an expert, is self-interested in the matters about which he claims expertise, and lacks personal knowledge of many of the issues discussed in his declaration. While the parties clearly disagree about the character and quality of "evidence" supporting Plaintiff's allegations against MTC's counsel, MTC is entitled to argue its case by describing the harm Plaintiff's conduct has inflicted. Likewise, MTC's statement that Plaintiff's allegations are asserted "without a scintilla of evidence" is strongly worded, but supported by MTC's argument that a declaration by Plaintiff's counsel is not competent evidence that MTC's fee application constitutes "fraud."

Similarly, the characterization of Plaintiff's allegations as "bile" is strong, but not abusive. MTC maintains the position that Plaintiff's attacks against its counsel are personal and should be rejected in the strongest terms. Plaintiff's allegations of fraud and incompetence are of a type that cannot be excused as mere argument. Indeed, Plaintiff's Response is more like the objectionable content at issue in *Redd* than is MTC's Motion to Strike or its Reply Brief. Unlike Plaintiff's personal attacks, the characterization of arguments and accusations as "bile" does not impugn Plaintiff's counsel personally or professionally.

11

Nor does MTC's characterization of Plaintiff's Response as "libel *per se*" constitute abusive language. MTC maintains that Plaintiff's accusations are demonstrably false, and if published outside of a legal proceeding, would be libelous. This is an accurate statement, as relevant law defines libel to require a false and defamatory statement published to a third party and accompanied by fault amounting to at least negligence on the part of the publisher and actionability regardless of special harm. *Allstate Ins. Co. v. Melton*, 482 F. Supp. 2d 775, 784 (S.D. Miss. 2007). MTC maintains that Plaintiff's accusations against MTC's counsel are false and defamatory and were made at least with reckless disregard for the harm inuring to its attorneys' reputations. Given that counsel's livelihood is implicated, it was appropriate to impart to the Court how serious Plaintiff's allegations truly are.

Plaintiff also insists that MTC stated without evidence that Plaintiff's counsel have breached their fiduciary duty to their client. In this instance, MTC rightly pointed out was that Plaintiff's response unaccountably omits any argument particular to Plaintiff himself and not to counsel. While MTC suggested this may indicate Plaintiff does not understand how dire his situation is, this language stopped well short of authoritatively claiming Plaintiff's counsel breached their fiduciary duties. This simply does not rise to the level of "abusive" language. Nothing in MTC's filings justifies the Rule 11 relief Plaintiff now seeks.

## CONCLUSION

Plaintiff's motion is both procedurally improper and substantively meritless. The serious allegations it contains were not made with the requisite forethought or legal support. MTC and its counsel therefore respectfully request this Court deny Plaintiff's Motion for Rule 11 Sanctions and award to MTC any and all other relief the Court deems appropriate.

Dated: January 18, 2019.

Respectfully submitted,

                              **MANAGEMENT & TRAINING CORPORATION**

By:   *s/ R. Jarrad Garner*
        R. Jarrad Garner (MSB# 99584)
        Lindsey O. Watson (MSB# 103329)
        Darryl A. Wilson (MSB# 104902)
        Adams and Reese, LLP
        1018 Highland Colony Parkway, Suite 800
        Ridgeland, Mississippi 39157
        Office: (601) 353-3234
        Fax:   (601) 355-9708
        jarrad.garner@arlaw.com
        lindsey.watson@arlaw.com
        darryl.wilson@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, one of the attorneys for the Defendant Management & Training Corporation, do hereby certify that I have, this day, filed the foregoing with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

Dated: January 18, 2019.

                              *s/ R. Jarrad Garner*
                              R. Jarrad Garner