UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JAMES RUSSELL MILLER ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| V. ) | NO. 3:14-CV-427-HTW-LRA |
| ) | |
| MANAGEMENT & TRAINING ) | |
| CORPORATION, ET AL. ) | |
| ) | |
| ) | |
| DEFENDANTS ) | |

**PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
AND ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927**

1. Defendant Management & Training Corporation (MTC), through counsel, filed and served a motion to strike on 21 June 2018 [DE 215 and DE 216] seeking an order granting the motion and striking the plaintiff's response in opposition to MTC's fee application [DE 201 and DE 211] because, according to MTC: "The documents filed in response to MTC's itemization raise grave and unsubstantiated charges of malfeasance on the part of MTC's attorneys. The Court should strike all of the documents from the public record entirely."

2. The positions articulated in the plaintiff's response in opposition to MTC's fee application are not unsubstantiated as alleged by MTC. The plaintiff's objection to the fee application on the ground that the moving party offered no proof from other lawyers of south Mississippi hourly rates is substantiated by the facts and law. The plaintiff's objection to the fee application on the ground that the moving party offered no proof of complying with the billing judgment rule is substantiated by the facts and law. The plaintiff's objection to the fee application on the ground that the billing lawyers and paralegals failed to submit declarations or affidavits attesting to the reasonableness and

- 1 -

EXHIBIT 1

accuracy of their billing entries is substantiated by the facts and law. The plaintiff's objection to the fee application on the ground that billing for certain tasks was excessive is substantiated by the facts and law. The plaintiff's objection to the fee application on the ground that travel time was not billed at one-half the hourly rate is substantiated by the facts and law. The plaintiff's objection to the fee application on the ground that MTC's lawyers fraudulently billed for the time allegedly spent attending and participating in every deposition taken in this case is substantiated by the facts and law. The plaintiff's response in opposition to MTC's fee application is supported by documentary evidence showing that MTC's lawyers fabricated evidence submitted in support of the fee application by falsifying the time MTC's lawyers spent attending and participating in all six depositions taken in this case. The timekeeper summary document filed by MTC's lawyers in support of the fee application [DE 205-2] shows the time billed by MTC's lawyers to attend and participate in the depositions of the plaintiff on 26 March 2015, Tene Wilson on 27 March 2015, Patricia Doty on 19 June 2015, Candice Miller on 28 August 2015, Chris Epps on 19 May 2016, and MTC on 29 October 2015. [DE 205-2] The deposition transcripts excerpts that the plaintiff filed in support of its opposition to the fee application [DE 211-1, pp. 60-76] show the actual time for each deposition. The following table shows the falsified time billed and the actual time:

| DEPOSITION | TIME BILLED [DE 205-2] | ACTUAL TIME [DE 211-1, pp. 60-76] |
|---|---|---|
| Plaintiff | 8.2 (Morgan) | 7.2 |
| Wilson | 6.6 (Morgan) | 4.7 |
| Doty | 4.5 (Garner) | 2.3 |
| C. Miller | 4.0 (Garner) 4.0 (Morgan) | 2.6 |

| Epps | 1.8 (Garner) | 0.7 |
| MTC | 4.0 (Morgan) 3.3 (Garner) | 2.2 |

While MTC and its lawyers may not like the evidence submitted by the plaintiff in support of its opposition to the fee application as the evidence shines a spotlight on what is usually a half-shadow and shows that MTC's lawyers falsified the time spent attending and participating in the depositions, the evidence submitted by the plaintiff is indisputable and does not constitute an insufficient defense, or redundant, immaterial, impertinent, or scandalous matter falling within the scope of a Rule 12(f) (motion to strike) of the FEDERAL RULES OF CIVIL PROCEDURE.

 3. The plaintiff's response in opposition to the fee application and supporting evidence does not constitute an insufficient defense, or redundant, immaterial, impertinent, or scandalous matter falling within the scope of Rule 12(f) (motion to strike) of the FEDERAL RULES OF CIVIL PROCEDURE. The motion to strike was therefore filed for the improper purposes of harassing the plaintiff and plaintiff's counsel, causing further delay, and increasing the cost and burden of litigation.

 4. The legal contentions in the motion to strike are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

 5. The contentions in the motion to strike do not have evidentiary support.

 6. The motion to strike filed by MTC's lawyers has multiplied the proceedings in this case unreasonably and vexatiously in violation of 28 UNITED STATES CODE section 1927.

 7. The plaintiff requests that this motion be granted and MTC and its lawyers be sanctioned pursuant to Rule 11. The plaintiff also requests that MTC's lawyers be

assessed attorneys' fees, costs, and expenses incurred by the plaintiff relating to the motion to strike pursuant to 28 UNITED STATES CODE section 1927.

                              Respectfully submitted,

                              JAMES RUSSELL MILLER

                              */s/ John B. Gillis*

                              JOHN B. GILLIS
                              MISSISSIPPI BAR NO. 8694

                              JOHN B. GILLIS
                              ATTORNEY-AT-LAW
                              POST OFFICE BOX 185
                              WATER VALLEY, MISSISSIPPI 38965-0185
                              (662) 816-5991
                              jbgillis@johngillislaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on 29 June 2018, I served by first-class mail, postage prepaid this document on the following persons:

      R. Jarrad Garner
      jarrad.garner@arlaw.com
      H. Richard Davis, Jr.
      richard.davis@arlaw.com
      Adams and Reese LLP
      1018 Highland Colony Parkway, Suite 800
      Ridgeland, Mississippi 39157

                                */s/ John B. Gillis*

                              JOHN B. GILLIS