## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JAMES RUSSELL MILLER,**
**Plaintiff**

**v.**                                    **Cause No: 3:14-cv-00427-HTW-LRA**

**MANAGEMENT AND TRAINING**
**CORPORATION,**
**Defendant**

---

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SANCTIONS UNDER RULE 11(c)(2)

---

COMES NOW the Plaintiff, by and through the undersigned counsel, and in support of his Motion for Sanctions Under Rule 11(c)(2) (ECF No. 228), would state as follows:

MTC's response to the sanctions motion essentially makes three arguments: first, that they didn't receive adequate notice of Plaintiff's intention to seek sanctions because the motion as filed differed from the motion as served; second, that they didn't actually do anything wrong; and finally, that Plaintiff's proffered authority doesn't support an award of sanctions. Plaintiff will address these issues in reverse order.

### I.      Plaintiff's authority speaks for itself.

MTC parses Plaintiff's authority far too closely. The distinctions they find are unhelpful and in some cases irrelevant. The Ninth Circuit's holding regarding the filing of excessive complaints in *Zaldivar* was transformed into a conclusion that

sanctions are permitted for excessive motions in *National Association*. 844 F.2d 216, 224 (5th Cir. 1988). In short, filing a motion that is not necessary is harassment under *National Association*. MTC attempts to argue that the similarity of the two briefs supports that they are not excessive. They even claim, without authority, that "local practice" permits the filing of multiple motions using identical filings. They cite to no authority because no such authority exists. Neither the Federal Rules of Civil Procedure nor the Local Uniform Civil Rules contain any provision requiring that each and every type of relief sought must be filed under a separate motion.

This argument is belied by MTC's own conduct in this case. They filed a single motion seeking "prevailing party" attorney's fees under 29 U.S.C. 706 and sanctions under 28 U.S.C. 1297. Under their logic, they should have filed that motion and accompanying brief twice – once for relief as a prevailing party, and once as a sanctions motion. So MTC's response is, itself, sanctionable in that it makes up a "local practice" neither supported by evidence, authority, or their own behavior.

Plaintiff agrees with MTC that the Second Circuit reversed the grant of sanctions in *Passalacqua*. But the *reason* that it found the recycling of the brief to be permissible in that circumstance is telling. Specifically, the sequence of motion practice dictated "the timing of defendants' motions . . . by the local rules and the district court's order dismissing the third amended complaint." *Passalacqua Builders v. Resnick Developers*, 933 F.2d 131, 143 (2d Cir. 1991). The focus here is not on the out of time reply brief filed in support of the fee application; the focus is

2

on the motion to strike which was filed for the improper purpose of serving as a substitute for the reply brief which was not filed timely. The Plaintiff pointed out in his response to the motion to strike that the motion to strike was an improper substitute for the reply brief in support of the fee application. See ECF no. 220, p. 17 ("In addition, the motion to strike was filed for the improper purpose of replying to the plaintiff's response on the merits where MTC failed to reply timely to the response in the first place. That is, the motion to strike is being used as a substitute for MTC's reply to the plaintiff's response to MTC's fee application because MTC failed to file timely its reply document.").

Comparing the reply brief eventually filed by MTC's lawyer with the motion to strike proves that the Plaintiff was correct in suggesting that the motion to strike was filed as an improper substitute for the reply brief which did not get filed timely. As Plaintiff pointed out in his original motion, there was *no* requirement that MTC offer their reply-brief arguments in a motion to strike. The fact that 90% of the motion to strike bears no relation to the standards relevant to a motion to strike supports this conclusion. The only reasonable, objective conclusion is that MTC's counsel worried that a reply brief would not be permitted.

## II.    Whether MTC's language is abusive is a matter for the Court.

The parties agree on the relevant question of what language is alleged to be abusive. We also agree on the relevant authority. We agree that MTC has not sunk so far as to suggest that Plaintiff's counsel are prostitutes, nor have they called anyone on Plaintiff's side ethnic slurs. But the question isn't whether MTC's

conduct is just as bad as that which other courts have found sanctionable; the question is whether MTC's language was abusive. That's a question for the Court to decide.

In defense of their invective, MTC basically argues that they were incensed by the Plaintiff's allegations of fraud. The problem with this is that the human reaction to being falsely accused is identical to the human reaction to getting caught: outrage and anger. It's only in time, and after completing a Kubler-Ross process, that a malefactor can admit that they were fairly caught. So Plaintiff and the undersigned believe that MTC's counsel were angry; but we stand by our analysis, which led us to suggest that MTC's counsel had submitted fraudulent time entries. The facts remain undisputed that MTC's lawyers billed time in excess of the actual time for attending and participating in all six depositions taken in this case, and submitted that billing to the court as false or fabricated evidence in support of their fee application in order to recover fees for time not spent attending and participating in the depositions. MTC even admits that they billed time in excess of the deposition time for attending and participating. *See* ECF No. 223. Their argument is that "attending and participating" encompasses preparatory activities other than attending and participating, even though they represented to this Court that they *also* billed for preparatory activities. *See* ECF No. 205-2.

Plaintiff isn't asking the Court to police every rough tongue. Litigation is no place for the thin-skinned, and certainly we have tossed out our fair share of vigorous language. But our vigorous language consists of terms of art. It is a serious

allegation to accuse an attorney of committing a fraud on the Court; Plaintiff and their counsel take such a thing very seriously. But "fraud" is a term of art with a legal meaning. The language that the parties agree is at issue here was wildly beyond the realm of law and well into invective. Referring to legal argument and evidence as "bile" is at best, something the Court should disapprove and at worst something it should sanction. But such a decision lies within the Court's sound discretion.

### III.   The Court need not grant sanctions by motion.

Plaintiff concedes that the motion *served* in June 2018 and the motion *filed* in December 2018 were not the same. MTC offers no authority to support its position that this, standing alone, justifies a denial of sanctions. Since the purpose of the motion served is to provide the opposing party with the 21-day safe harbor to withdraw the offending document, courts have concluded that that the filed motion need not be identical to the served motion, as long as the grounds for sanctions asserted in the draft Rule 11 motion served are the same as the grounds asserted in the motion for sanctions ultimately filed. *See, e.g., Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 339 (N.D. Iowa 2007) (filed motion need not be identical to motion served triggering 21-day safe harbor); *In re Rosebar*, No. 13-00535, Adv. Pro. No. 13-10036 (Bankr. N.D. Calif. Feb. 19, 2015)(filed motion substantially same as served motion). Importantly, the Rule 11 motion served in this case has been filed with the court as an exhibit to the Rule 11 motion that was filed, with the exhibit being incorporated into the filed motion. So, not only is the

5

motion filed substantially the same as the motion filed, the motion served has been filed with the court. Respectfully, MTC's argument is one of form over substance. As responsible officers of the Court, Plaintiff's counsel is required to concede the point *as to the motion filed*, and provide the authority that MTC's counsel couldn't be bothered to find. *Elliott v. Tilton*, 64 F.3d 213 (5th Cir. 1995).

However, the *Elliott* court made the point that sanctionable conduct need not be protected by procedural error. The Court's own order can conclude that conduct is sanctionable. *Elliott*, 64 F.3d at 216 ("We do not mean to indicate that defense counsel was necessarily shielded from all sanctions under Rule 11. Sanctions may be ordered if the court, on its own initiative, enters an order describing the offending conduct and directing the offending parties to show cause why Rule 11 has not been violated.") The Court may further order sanctions under its inherent authority. *Id.* at 217.

We would also note that there is a reasonable argument that a Court has discretion to excuse technical non-compliance with the safe-harbor rule. "Whether non-compliance with Rule 11(c)(2) may be excused is a fact-specific inquiry; where the violation is very minor, or where no prejudice results, the rule need not be enforced to its letter." *Anaqua, Inc. v. Schroder*, 2013 WL 1412190, at *2 (D. Mass. April 5, 2013). In this case, Plaintiff noted the improper purpose of the filing – to back-door a reply brief into the record – at its first opportunity: in the response to the motion to strike. Indeed, MTC said in their reply brief in that proceeding that flagging the improper purpose did not give rise to an appropriate request for relief.

6

So MTC can't claim that it wasn't put on notice that Plaintiff had noted the improper purpose of the motion to strike. The motion served raised the issues of improper purpose and harassment. The fact that ancillary issues were raised and that Plaintiff elected to streamline its filing doesn't change the fact that MTC had appropriate notice of the Plaintiff's intent to seek Rule 11 sanctions and was afforded the 21-day safe harbor to withdraw the motion to strike. And since the motion served was filed in the record, the terms of Rule 11 as interpreted by the Fifth Circuit in *Elliott* have been met.

IV.     **Davis waived his response thereby conceding his Rule 11 liability.**

Plaintiff's counsel has made a point in this proceeding to separate Richard Davis from Jarrad Garner, Adams & Reese, and MTC, since Davis is the lawyer who signed and filed the motion to strike. We have gone so far as to suggest that it may be appropriate *only* to sanction Davis, leaving that decision to the sound discretion of the Court. MTC's response brief confirms this argument. Contrary to the motion to strike (which Davis signed) and the reply brief (which Garner clearly recycled), MTC's response to the Rule 11 motion was professional and civil. While MTC and Garner defended Davis' invective to the extent that it could be imputed to them, at least there was no additional abuse.

Davis is still counsel of record for MTC and ECF service was made on him with the filing the Rule 11 motion. Davis was served with the initial Rule 11 motion. ECF No. 230, p. 5. Service was complete under Rule 5, as Rule 11 requires.

He made no timely response, and did not join with MTC's response. He has not even filed a motion to withdraw, as Plaintiff suggested might be proper. He has thus waived any argument against the motion. *Rector v. Approved Federal Savings Bank*, 265 F.3d 248, 253-54 (4th Cir. 2001) ("Accordingly, we hold that the 21–day safe harbor provision of Rule 11 is not jurisdictional and may be waived.") This Court has already held, as a matter of law, that a failure to timely file a response to a motion admits all allegations therein. ECF No. 188.

Since the response brief does not address whether Davis should be treated separately, we conclude that MTC does not contest that issue, and that they agree that the Court can sanction Davis without sanctioning MTC, Garner, or Adams & Reese.

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks an order granting all appropriate relief.

Respectfully submitted,

THE LAW OFFICES OF MATTHEW REID KRELL
P.O. Box 71504
Tuscaloosa, AL 35407
(662)469-5342
Attorney for Plaintiff

By: _____ */s/ Matthew Reid Krell* _____
Matthew Reid Krell, MSB#103154
matthewrkrell@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing has been served on this, the 25th of January 2019, via email and ECF upon counsel for the Defendant.

Richard Jarrad Garner
Lindsey O. Watson
H. Richard Davis, Jr.
Daryl A. Wilson
ADAMS AND REESE, LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, Mississippi 39157
(601) 353-3234
(601) 355-9708 FAX
E-Mail:  Jarrad.Garner@arlaw.com
E-Mail:  Lindsey.Oswalt@arlaw.com
E-Mail:  Richard.Davis@arlaw.com
E-Mail:  Darryl.Wilson@arlaw.com

By:      */s/ Matthew Reid Krell*
Matthew Reid Krell, MSB#103154
matthewrkrell@gmail.com