IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES RUSSELL MILLER**                                                                                    **PLAINTIFF**

**VS**                                                              **CIVIL ACTION NO.: 3:14-cv-427-HTW-LRA**

**MANAGEMENT & TRAINING CORPORATION**                                          **DEFENDANT**

### ORDER ON DEFENDANT'S MOTION TO STRIKE AND PLAINTIFF'S MOTION FOR SANCTIONS

Before this court are two motions. The first motion, filed by the Defendant, Management and Training Corporation (hereafter "MTC"), is a Motion to Strike Plaintiff's Response to MTC's Itemization of Attorneys' Fees **[doc. no. 215].** This motion seeks to strike the Response, accompanying Memorandum, and the declaration of Attorney John Gillis which is attached to the Memorandum**.**

The second motion is a Motion for Sanctions **[doc. no. 228]** filed by the Miller, James Russell Miller (hereafter "Miller"). Miller asks this court to impose sanctions against the Defendant under Rule 11(b) for filing the above-described Motion to Strike [doc. no. 215].

In their respective motions, each party accuses the other of pursuing frivolous matters, of untruthfulness and unprofessional conduct. This court, in fact, has previously found that Miller's counsel needlessly and vexatiously multiplied the proceedings. As a consequence, this court approved an award of attorneys' fees to Defendant against Miller's counsel under

1

Title 28 U.S.C. § 1927.[1] See *Travelers Ins. Co. v. Liljeberg Enterprises*, 38 F.3d 1404, 1413 n. 19 (5th Cir. 1994).  This court also determined that Defendant was entitled to attorneys' fees as a prevailing defendant under 42 U.S.C. §1988,[2] because the entire case was frivolous, unreasonable and groundless.  See *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 422 (1978); *Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000) (citing *Walker v. City of Bogalusa,* 168 F.3d 237, 239 (5th Cir. 1999)).  Despite the lack of substance to Miller's claims, this litigation has been contentious and combative every step of the way.

## I.   MTC'S MOTION TO STRIKE

Defendant MTC's Motion to Strike [doc. no. 215] asks that "Plaintiff's Response to Defendant's Application for Attorneys' Fees" be stricken from the record completely.   The basis for the motion to strike is two-fold: First, MTC contends that Miller's *Response to the Fee Application* contains 'redundant and immaterial' matters that have been previously argued by Miller and rejected by the court. Secondly, according to MTC, the Miller's *Response to the Fee Application* contains 'impertinent or scandalous' matter.

---

[1] Title 28 U.S.C. §1927 provides;
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[2] 42 U.S.C. §1988
(b) Attorney's fees
In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . .

2

### A.  Redundant, Rehashed Matters

As previously noted, this court awarded attorney's fees to MTC.  MTC filed a motion requesting its costs and fees as the prevailing defendant in a frivolous case under Title VII, and as a sanction under Title 28 U.S.C. §1927 [doc. no. 177].  Miller failed to respond to the motion on its merits, harboring the mistaken belief that MTC's motion was untimely and should be denied on that basis.  Once Miller's counsel became aware of their error, the time for filing a response had passed.  Attorneys for Miller sought leave of this court to file an Amended Response, but this court declined to allow them to do so.

After the Final Judgment had been entered in this case [doc. no. 201], MTC filed its Attorneys' Fee Application, including an "Itemization of Hours Expended" [doc. no. 205]. Having earlier squandered the opportunity to oppose the grant of attorneys' fees on the merits, Miller devoted a large part of his brief in response to MTC's fee application to expressing his opposition to the court's decision to award fees to MTC in the first instance. Both the brief and the declaration by Attorney John Gillis devote considerable time to arguing against the court's previous decision to award attorney's fees to MTC.  This court already has ruled on that issue; so this court agrees with MTC that those portions of Miller's brief are redundant, immaterial and a waste of this court's time.

### B.  False, Scandalous Matters

Most offensive to MTC's attorneys are those portions of Miller's brief in opposition to the Application for Attorneys' Fees, that include accusations against MTC's counsel of fraud and perjury in the submission of their application and itemization of fees.  The tone of the motion and accompanying brief is vitriolic.  Among other things, Miller accuses MTC's counsel of "fabricating evidence" [doc. no. 211 at p. 11] and "lying to the court" *Id.,* at p. 12.

Millers' counsel uses some version of the word "fraud", in referring to defense counsel, at least seventy times in his opposition brief. Upon scouring the document, however, this court can find only two instances where Miller provides a factual basis for his numerous allegations of fraud and perjury.

The first such instance is what Miller contends is the "fabricated evidence regarding the time spent attending the six depositions taken in the case." *Id.* at p. 12. Miller says MTC's attorneys inflated the time spent attending the depositions of James Russell Miller, Tene Wilson, Patricia Doty, Candice Miller, Chris Epps, and MTC. Miller bases this allegation on the hours recorded on the deposition transcripts as the starting and ending times for the deposition. The discrepancies for the six depositions, if they are indeed discrepancies, total 8.2 hours.

The inclusion of these hours in the fee itemization may not rise to a level of fraud; these hours also do not necessarily constitute compensable hours. Given that the depositions took place several years ago, MTCs' attorneys, of the law firm of Adams and Reese, say they are certain that any time claimed beyond the time shown on the deposition transcript was time spent on work relative to those depositions, such as in meeting with the attorneys or the witnesses. MTCs' attorneys acknowledge, however, that they cannot recall with specificity how all of the time claimed was spent, given that the depositions took place several years ago.

Of course, it is incumbent upon the party seeking fees adequately to document the time expended. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). MTC's' counsel cannot do that in this instance for these 8.2 hours. Therefore, this court, in reviewing the fee application, may ultimately find these hours are not compensable.

4

The court is not making that decision here, reserving that issue for its ruling on MTC's Application for Attorneys' Fees.  Further, this court is not satisfied, on this record, that MTC committed fraud on the court.

The only other factual averment Miller makes regarding an alleged fraud is that MTCs' lawyers did not submit the invoices showing that they actually billed the claimed fees to their client, MTC.  This, says Miller, is evidence of fraud.  Such is not the case. Under ordinary circumstances, invoices are not required to be provided to the court or to opposing counsel as part of a fee application.  See e.g., *First Bank & Trust v. Employers Mut. Casualty. Co.*, No. 3:08-CV-685-CWR-FKB, 2011 WL 13196152, at *1 (S.D. Miss. Jan. 21, 2011) (denying defendant's request for the production of billing statement and invoices for attorneys' fees incurred for the prosecution of the case).  Miller's accusation here, too, falls far short of fraud.

Allegations of fraud pose a serious concern, not only to the court, but to the party accused as well.  Nevertheless, for all the reasons stated, and as further discussed below, this court is not persuaded to grant MTC's Motion to Strike Miller's Response and Memorandum.

### C. Miller's Arguments in Opposition to The Motion to Strike

Miller's first argument against striking its response is that the allegations he makes of fraud and perjury, are substantiated. This court already has determined that this argument is unavailing.

Miller next takes issue with MTC's failure to provide affidavits from other area attorneys to establish a reasonable hourly rate for legal fees in the Jackson area.  See *Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir. 1993).  This is not a sanctionable matter, and is reserved

5

for the court's ruling on the Attorney's fee application.  Miller also contends that MTC's motion to strike is not appropriately filed under Rule 12(f)[3] of the Federal Rules of Civil Procedure.  MTC, however, says it is not relying on Rule 12(f), but asks the court to strike the Response brief pursuant to its inherent power to manage its own docket.  *In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993).   See also *Ready Transp. Inc., v. AAR Mfg. Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Adams and Reese, the firm that represents Defendant MTC here, is naturally concerned about the aspersions cast upon it and prefers that the court strike the motion and attached declaration entirely. This court is reluctant to do so.  First, Miller is entitled to be heard on his objections to the attorneys' fee statement; and, Miller, amidst the harsh and accusatory language, provides detailed commentary on the appropriateness of the itemized fees.  Miller's Response does thoroughly scrutinize MTCs' fee itemization for matters that are proper issues before the court in its analysis of the fee application, such as: 1) lack of billing judgment; 2) duplicative or excessive billing; 3) inadequately documented billing; and 4) other factors relevant to the appropriateness of the fees charged.  This court is entitled to consider those relevant portions of the brief and more than capable of looking past any hyperbole in doing so.[4]

---

[3] Rule 12(f) provides as follows:
Motion to Strike.  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
(1)a on its own; or
(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

[4] This court takes note that Miller's brief in response to the Application for Attorneys' Fees does not respond to the specific arguments Defendant makes in its Application and supporting Memorandum brief.  Miller does not address the specific 'categories' of billing that Defendant discusses, choosing instead to raise its own affirmative arguments.

Secondly, as Miller correctly notes, federal courts generally disfavor motions to strike.  See *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D.Cal.1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."); *United States v. 729.773 Acres of Land, More or Less, Situate in City and County of Honolulu*, 531 F.Supp. 967, 971 (D.Haw.1982) (a motion to strike is a severe measure generally viewed with disfavor).

For all of the reasons stated, MTC's motion to strike Miller's Memorandum [doc. no. 215] is denied.  This court, however, will place under seal Miller's Response [doc. no. 210] to MTC's Itemization of Attorneys' Fees, the accompanying Memorandum [doc. no. 211] and the declaration of Attorney John Gillis [doc. no. 211-1] which is attached to the Memorandum.

This court is mindful that the public has a common law right to inspect and copy judicial records, and that public access to judicial records helps to promote trust in the judicial process.  *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845 (5th Cir. 1993).  Therefore, when considering whether to exclude court documents from public access, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id,; Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark,* 654 F.2d 423, 429 (5th Cir.1981).  *Equal Emp. Opportunity Comm'n v. Halliburton Energy Servs.*, No. 316CV00233CWRFKB, 2018 WL 3061973, at *1 (S.D. Miss. May 17, 2018).

The public's common law right is not absolute, however. *Nixon,* 435 U.S. at 598, 98 S.Ct. at 1312; see *Belo,* 654 F.2d at 430. "Every court has supervisory power over its own

7

records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon,* 435 U.S. at 598. Ultimately, the power to seal court records is reserved to the sound discretion of the trial court. *Nixon* 435 U.S. at 599. The documents at issue contain unfounded accusations of malfeasance against MTC's attorneys that should not be placed in the public domain.

This court has considered the interest of the public, and this court is persuaded that there are clear and compelling reasons that justify sealing these documents. See *Equal Emp. Opportunity Comm'n v. Halliburton Energy Servs.*, No. 316CV00233CWRFKB, 2018 WL 3061973, at *1 (S.D. Miss. May 17, 2018) and L. U. Civ. R. 79(b). [5]

## II. MILLERS' MOTION FOR SANCTIONS

Miller objects to the Motion to Strike and accompanying Memorandum filed by MTC which was the subject of the discussion immediately prior. Miller asks the court to sanction MTC under Rule 11(b), alleging that MTC's filing was submitted for an improper purpose. Attorneys for Miller claim that MTC's motion to strike was a) "intended to 'back-door' a reply brief on MTC's fee application into the record when it was not clear that the Court would permit it[,]", and b) was intended to "harass opposing counsel." *Plaintiff's Motion seeking Sanctions* [doc. no. 228 at ¶¶ 7,8].

Before examining the merits of Miller's claims, this court considers MTC's argument that Miller has not complied with the pre-requisites of Rule 11(c).

---

[5] **(b) Documents Filed With the Court.** . . . No document may be filed under seal, except upon entry of an order of the court either acting sua sponte or specifically granting a request to seal that document. Any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons. . . . L. U. Civ. R. 79(b).

### A. Failure to Comply with Rule 11(c)(1)

Under Rule 11(c),[6] the party serving a motion for sanctions must first serve the motion upon the offending party, and shall not file the motion with the court until twenty-one (21) days afterward.  See e.g., *In re Pratt,* 524 F.3d 580 (5th Cir. 2007) and *Elliott v. Tilton*, 64 F.3d 213 (5th Cir. 1995).  The opposing party, thus, has twenty-one (21) days within which to withdraw the offending document.  This provision is often referred to as the 'safe harbor' provision.  It is a mandatory prerequisite to Rule 11 sanctions being imposed on the motion of a party.  *Tompkins v. Cyr,* 202 F.3d 770, 788 (5th Cir. 2000); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (failure to comply with "safe harbor" provision precluded imposition of sanctions).

In the instant case, MTC alleges that the proposed motion served upon it twenty-one (21) days before filing, was entirely different from the motion Miller actually filed.  In the proposed motion served upon MTC the primary objection to MTC's Motion to Strike was that it was "frivolous."  The greater part of Miller's proposed motion for sanctions was spent attempting to substantiate Miller's allegations of fraud and defending against a Rule 12(f) Motion to strike.  The proposed motion for sanctions also accuses MTC's lawyers of multiplying the proceedings unreasonably and vexatiously, in violation of 28 USC §1927.  The proposed motion for sanctions as served upon MTC did not make any reference to

---

[6] Rule 11 (c)(2) reads as follows:
  (2) **Motion for Sanctions.**  A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
Fed.R.Civ.Proc. 11(c)(2) (emphasis added).

9

'abusive language,' which appears to be the thrust of the motion that Miller filed with the court.

Miller's attorneys acknowledge that the motions are not the same [doc. no.233 p.5], but, says Miller, the motion served was sufficient to provide notice to MTC of the grounds upon which Miller was relying in seeking sanctions.

Miller clearly is not in strict compliance with Rule 11(c)(2) and no satisfactory explanation is provided.  It is unnecessary, however, for this court to decide whether this issue, alone, is sufficient to justify denial of Miller's motion for sanctions, because Miller's Motion for Sanctions is denied on other grounds, as further discussed below.

### B.  Recycled Text

Miller's brief castigates MTC for duplicating in its *Reply* to Miller's Response to MTC's Itemization of Attorney's Fees, much of the language in its "*Motion to Strike Plaintiff's Response to MTC's Itemization of Attorneys' Fees."* Yet, Miller says the basis of his motion is not that MTC recycled text from one document to another; rather, Miller contends that MTC's recycling somehow demonstrates that the first filing was submitted for an improper purpose.  Miller contends that instead of seeking actual relief, MTC's *prior* filing ("Defendant's Memorandum in Support of Its Motion to Strike Plaintiff's Response" in the Fee Application Process) was intended to "back-door" a Reply brief on MTC's fee application into the record, because MTC had missed its deadline to file its reply brief.  At the time MTC filed the Motion to Strike it was still awaiting the court's decision on whether it would be allowed to file it's  Reply out of time.[7]

---

[7] A motion was pending in which MTC sought leave to file the reply brief out of time. This court subsequently granted MTC's motion and allowed the late filing of its Reply. [doc. no. 223].

This court fails to see how this constitutes an improper purpose. Given the harsh language and strong accusations of fraud and perjury contained in Miller's brief in response to MTC's attorneys' fee application, it is understandable that MTC would attempt to have the disparaging language or the entire memorandum stricken.

Additionally, MTC contends that the two documents sought two separate remedies, for which the same arguments applied. The motion to strike Miller's Response to MTC's fee application was meant to remove insulting, derisive language from the record, while the reply brief was meant to affect the outcome on the merits of MTC's Attorney fee Application. This court fails to see where these filings constitute evidence of an improper purpose, as Miller contends.

The cases cited by Miller do not support his position. In fact, the cases, in some instances, undermine his position. One such case is *William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 143 (2nd Cir. 1986), cited by Miller. In that case the Second Circuit Court of Appeals expressed its disdain for the use of recycled memoranda, but, nevertheless, held that the motions in that case had *not* been filed for an improper purpose.

This court, too, frowns upon the filing of virtually identical briefs, even if submitted for different purposes; but this falls short of sanctionable conduct in this court's view, at least in the circumstances here presented.

## C. Objectionable Language

Among the language and phrases inserted into MTC's brief and objected to by Miller's attorneys, are accusations that they [Miller's attorneys] used "recklessly aggressive and abusive litigation tactics," and statements that Miller's documents are "scandalous" and

11

contain "bile." [doc. no. 216 at p.2].   This court frankly agrees with much of MTC's description of Miller's attorneys' behavior over the course of this litigation.

MTC also claims, in its motion, that Miller's allegations of fraud are "irresponsible and incorrect hyperbole," and "they would have been actionable as libel per se" had they not been made in a court filing.  [doc. no. 216 at p.3].  MTC's document, in regard to Miller's attorneys, adds: "Indeed, their conduct suggests that Miller does not yet realize that the 'Sword of Damocles' hangs over his head." [doc. no. 216 at p.2].

This court cannot help but observe that Miller first used acrimonious language and tenor in his Response to MTC's Application for Attorney's Fees, as well as in earlier filings. Such language is, at best, unprofessional.

### III. CONCLUSION

For all the reasons herein stated, this court **denies** both Defendant MTC's Motion to Strike **[doc. no. 215],** and Plaintiff Miller's Motion for Sanctions **[doc. no. 228].** This court directs the Clerk of Court to seal the following previously filed documents: Defendant's Response [doc. no. 210]; Memorandum Brief in Response [doc. no. 211]; Declaration of Attorney John Gillis [doc. no. 211-1]; Plaintiff's Motion for Sanctions [doc. no. 228]; Memorandum in Support [doc. no. 229]; Amended Document [doc. no. 230]; Plaintiff's Reply Brief [doc. no. 233].

SO ORDERED AND ADJUDGED, this 27th day of September, 2021.

s/ HENRY T. WINGATE  
UNITED STATES DISTRICT COURT JUDGE
