UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES RUSSELL MILLER, Plaintiff | § § § | |
| v. | § § | NO. 2:14-cv-00427-HTW-LRA |
| MANAGEMENT AND TRAINING CORPORATION, Defendant | § § § | |

PLAINTIFF'S UNOPPOSED MOTION TO STAY JUDGMENT PENDING APPEAL

COMES NOW the Plaintiff, by and through the undersigned counsel, and for this his Unopposed Motion to Stay Judgment Pending Appeal, would show as follows:

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This court granted the Defendant's summary judgment as to all claims on March 22, 2016. The Fifth Circuit affirmed and denied rehearing. The Defendants requested an award of attorney's fees against Miller as a prevailing party under 42 U.S.C. § 2000e-5(k) and against Miller's attorneys under 28 U.S.C. § 1927. The Court granted those fees despite not engaging in the necessary factfinding and applying the wrong standard. Docs. 200 and 201. Defendants then submitted a billing request that did not comply with any of the Supreme Court's or Fifth Circuit's requirements for fee award requests, including submissions of time that were in fact physically impossible (including billing time for an attorney that the record reflected was not present for the proceeding). Docs. 205 and 206. This Court

agreed that Defendants had submitted erroneous submissions of time yet granted attorney's fees anyway. Docs. 234 and 235.

This Court awarded $72,680 with $56,212 to be paid jointly and severally by Plaintiff and Attorneys James Monroe Scurlock and Matthew Reid Krell and $16,468 to be paid jointly and severally by Attorneys James Monroe Scurlock and Matthew Reid Krell. The Court also awarded costs in the amount of $3,759.23 to be paid by Plaintiff. Doc. 235. On September 27, 2021, Plaintiff's counsel conferred with counsel for MTC and was advised that they had no objection to the relief sought in this motion. A copy of their email is attached as Exhibit A.

## ARGUMENT

**I.     The Legal Standards for a Stay.**

The standards for a stay in the Fifth Circuit are well-established. A party seeking a stay of a judgment pending appeal must show (1) that it is likely to succeed on the merits; (2) that it will suffer irreparable injury in the absence of a stay; (3) that the issuance of a stay will not substantially injure the other parties interested in the proceeding; and (4) that the granting of the stay would serve the public interest. *See, e.g., In re Deepwater Horizon*, 732 F.3d 325, 345 (5th Cir. 2013); *see also, Voting for America, Inc. v. Andrade*, 488 Fed. App'x 890 (5th Cir. 2012); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Moreover, this Court has recognized that these factors are not to be applied "in a rigid . . . [or] mechanical fashion." *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 59 (5th Cir. 1983). Rather, a "movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of

equities weighs heavily in favor of granting a stay." *Campaign for Southern Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014). Where a finding of bad faith is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence, the imposition of sanctions is necessarily an abuse of discretion. *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998).

  **II.**  This Court should stay the judgment.

    **A.**  Miller is likely to prevail on the merits of this appeal, and at least, has raised significant legal questions that put the District Court's judgment into serious doubt.

Mr. Miller is likely to prevail on the merits of this appeal. At a minimum, he has demonstrated serious legal questions that put the district court's judgment into grave doubt. Specifically, Mr. Miller will raise at least three challenges to his suspension on appeal. First, the Fifth Circuit and the Supreme Court impose heavy procedural and evidentiary burdens on any party seeking a court to award attorney's fees, a burden that MTC and their counsel did not meet. Miller in fact pointed out that the billing MTC proffered was in fact impossible. This is completely erroneous, as the Supreme Court has explained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.").

Second, MTC's counsel also failed to segregate their billing. This Court's award of fees was under Title VII and under § 1927. Thus, any fees related to any non-Title VII claims and related to any proceedings that the Court did not specifically find to be vexatious or multiplicative should have been excluded. *See Browning v. Kramer*, 931 F.2d 340, 346 (5th Cir. 1991). The Title VII fee-shifting

statute cannot be used to justify a fee award for claims not arising under that statute. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415 (1978). Given the high level of specificity that the Fifth Circuit requires for fact-finding in fee proceedings, the record cannot support the award the Court made. While the Court may have chosen to attempt to estimate the proper segregation of the fees, the record submitted cannot support such efforts.

Third, MTC failed to provide evidence to support their billing requests. The Fifth Circuit, the Supreme Court, and this Court have made clear that every individual who submits time for a fee request must provide admissible evidence of the accuracy of the time they submit. In this case, MTC submitted one affidavit from the most junior attorney on the case who was hired two years after the case started. This individual could not have possibly had the requisite knowledge to support his testimony, as he testified to having personal knowledge of work done before he was even hired. And how he would have personal knowledge of his superiors' work product is unknowable. *See, e.g., Rigsby v. State Farm Fire and Cas. Co.*, No. 17-60720 (5th Cir. 2018), *11.

Finally, the entire fee award is predicated on a fundamental misunderstanding of the EEOC's investigative apparatus. The Court rested its finding that the lawsuit was frivolous on the ground that the EEOC did not issue a finding of discrimination. This logic, if extended, would essentially render Title VII a non-entity, as private enforcement of anti-discrimination law is predicated on the EEOC issuing a "right to sue" letter, based on the fact that it was unable to reach a

4

conclusion as to whether discrimination occurred.

The failure to exercise appropriate billing judgment; the evidence of billing impossibility; the failure to provide evidence to support the billing request in accordance with Fifth Circuit and Supreme Court requirements; and the fact that the Court's logic would eliminate all private enforcement of anti-discrimination law, all suggest that there is at least a substantial legal question as to whether the Court's award is proper. Given the disastrous result that would occur in the event of a denial of the stay and a subsequent reversal, as discussed below, the Plaintiff is entitled to a stay of judgment pending appeal.

    **B.**  Miller and his counsel will be irreparably harmed if the Court's sanction is not stayed.

The irreparable harm to Mr. Miller of the Court's judgment is obvious. Mr. Miller is a correctional officer. The Court's judgment imposes on Mr. Miller a demand that he pay more than two years' worth of his salary to MTC. If MTC is permitted to execute on the Court's judgment, Mr. Miller will be forced to file bankruptcy to prevent MTC from seizing all of his assets. In the event that this Court's judgment is reversed, the bankruptcy will remain on Mr. Miller's credit history, even if MTC returns any assets they seized. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932 (1975) (threat of bankruptcy constitutes irreparable harm); *Atwood Turnkey Drilling v. Petroleo Brasileiro*, 875 F.2d 1174, 1179 (5th Cir. 1989) (same).

A similar analysis governs the grant of the stay as to Miller's counsel. Krell is engaged in part-time practice while primarily working in the academic field and does not have assets sufficient to satisfy any judgment and therefore would also be

forced into bankruptcy. Scurlock has recently depleted much of his assets in a necessary move from Little Rock, Arkansas to Austin, Texas to address numerous family issues including severe illness, while having to adjust his practice to deal with the general Covid-19 pandemic. These changes for Scurlock have necessitated that he take out loans in order to continue to practice and thus would also likely be forced to file bankruptcy. Therefore, both meet the standard for irreparable harm as to judgment against them. MTC has disclaimed any interest in recovering attorney's fees against Gillis.

    **C.**  There is no prejudice to staying the judgment.

There is no prejudice or harm to any party from staying the judgment. In fact, it may be in MTC's interest to permit a stay pending appeal, since if the Court's judgment is affirmed, the additional time may mean that Krell or Scurlock will have obtained assets that could be used to satisfy the judgment beyond their ability to do so now. While no doubt MTC would acquire some satisfaction from forcing Miller, Krell, and Scurlock into bankruptcy, foregoing that satisfaction is not a legally cognizable prejudice, nor could it outweigh the substantial and irreparable harm they face based on this Court's Order.

    **D.**  The balance of the equities weighs decisively in favor of Miller, Krell, and Scurlock.

The balance of the equities in this case is clearly in favor of Plaintiff and his counsel. If the judgment is stayed while the appeal is pending, no one will be harmed, for the reasons set forth above. In contrast, the consequences of not issuing a stay are very grave for Mr. Miller, who has a young family, as well as a career

that could be ended by a credit check. Mr. Krell and Mr. Scurlock could also have their careers upended by this judgment, as many employers now perform credit checks.

As a result, the balance of the equities decisively supports granting a stay.

## CONCLUSION

Plaintiff respectfully requests this Court stay the September 27, 2021, judgment pending appeal.

Respectfully Submitted,

*/s/ Matthew Reid Krell*
Matthew Reid Krell (MSB#103154)
THE LAW OFFICES OF MATTHEW REID KRELL
P.O. Box 71504
Tuscaloosa, AL 35407
662-469-5342
matthewrkrell@gmail.com

CERTIFICATE OF SERVICE

This is to certify that on September 28, 2021, a true and correct copy of the foregoing document was filed with the clerk of the court for the U.S. District Court, Southern District of Mississippi, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Matthew Reid Krell*
Matthew Reid Krell

CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiff conferred with opposing counsel on September 28, 2021. Opposing Counsel does not object to this Motion or the relief sought herein. Opposing counsel's statement regarding a lack of objection is attached as Exhibit A.

*/s/ Matthew Reid Krell*
Matthew Reid Krell